S. M. HOPE *et al.*, Appellants, v. ASSIGNED ESTATE OF EDWARD B. HULL, Respondent.

St. Louis Court of Appeals, December 18, 1894.

Commission Merchants: DOUBLE LIABILITY FOR GOODS SOLD BUT NOT ACCOUNTED FOR. A commission merchant who sells goods on commission, but fails on proper demand to pay to his principal the proceeds thereof less his proper charges, is not liable, under section 3579 of the Revised Statutes, for double the value of the property until he has been convicted under that section.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Abbott & Grant* for appellants.

*P. Wm. Provenchere* for respondent.

BIGGS, J.—In March, 1893, Edward B. Hull was doing business in the city of St. Louis as a live stock commission merchant. On March 3 he sold a lot of hogs for the appellants. On the same day he mailed to them at Robinson, Illinois, his check on a St. Louis bank for the proceeds of sale, less expenses and commissions. The check was presented to the bank for payment on March 13; payment was refused and the check protested. On the next day Hull made an assignment. The appellants presented their claim to the assignee and insisted that, under section 3579 of the Revised Statutes of 1889, they were entitled to an allowance for double the amount of the claim. The assignee allowed the claim for its face value. There

was a like judgment in the circuit court on appeal. The appellants have again appealed to this court.

The section of the statute mentioned reads: "If any warehouseman, storage, forwarding or commission merchant, or any other person selling on commission or for a percentage on sales made by him, or any person receiving goods on condition that he is to pay a certain price or value to the owner or shipper when such goods are sold, or if the agent, clerk or servant of any such person shall convert to his own use any produce, cattle, hogs, cotton, flour or other property of any description whatsoever, or the proceeds or avails thereof, without the consent of the owner thereof, or shall fail to pay over the proceeds or avails thereof, less his proper charges, on demand of the person entitled thereto, or his duly authorized agent, he shall be adjudged guilty of a misdemeanor, and shall, on *conviction*, be punished by a fine not exceeding $1,000 nor less than $100, or confined in the county jail or workhouse not longer than one year, nor less than sixty days, or shall be punished by both such fine and imprisonment, *and shall be liable to the person injured in double the value of the property or money so converted.*"

There was no evidence of the prosecution and conviction of Hull for a violation of the statute. The evidence consisted of the account of sales, the check and the certificate of protest. The assignee insists that a conviction under the statute is a condition precedent to the double liability for the debt. We concur in that construction. The double liability is a part of the *penalty* annexed to the conviction, of which the creditor may avail himself if he sees proper. The statute provides that the offender shall, "*on conviction*, be punished, etc., * * * and *shall be liable* to the person injured in *double* the value of the property or money so converted." The statute has never been construed, but

we do not think that it will admit of any other inter-
pretation.

With the concurrence of the other judges, the judg-
ment of the circuit court will be affirmed. It is so
ordered.