ZELNICKER SUPPLY COMPANY, Appellant, v. MISSISSIPPI COTTON OIL COMPANY, Respondent.

**St. Louis Court of Appeals, December 1, 1903.**

1. **PROCESS: Foreign Corporation.** Under section 570, Revised Statutes 1899, the service of summons upon a foreign corporation must be had by delivering a copy of the writ and petition to the officer or agent in charge of the company's office or place of business in this State, or if the company has no such office or place of business, by delivering such copy to any officer, agent or employee of the company wherever found in this State, and in the latter case the sheriff's return must affirmatively show that the company has no office or place of business in this State.

2. ———: ———: **Amendment of Petition: Abating Suit.** The failure of the sheriff's return to show proper service on a foreign corporation is not ground for abating the suit, as it might be amended to conform to the statute if the facts authorize it.

3. ———: ———: **Personal Judgment.** It seems that jurisdiction to render personal judgment against a foreign corporation can not be acquired, except where the corporation is doing business, or has a business office or agency in the State where sued.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND REMANDED (*with directions*).

*R. P. & C. B. Williams* for appellant.

(1)   Service of process upon an officer of a foreign corporation temporarily within the State, whether upon the business of the corporation or not, will bind the corporation. Pope v. Terre Haute Co., 87 N. Y. 137; Hiller

v. Railroad, 70 N. Y. 223; Porter v. Sewall (N. Y.), 23 Abb. N. Cas. 233; Shickle Co. v. Willy Constr. Co., 61 Mich. 226; Bank v. Bench, 80 Mich. 242; Klopp v. Creston City, 34 Neb. 808; Guersey v. Ins. Co., 13 Minn. 278; Gravely v. Ice Mach. Co., 47 La. Ann. 389; Jester v. Baltimore (N. C.), 42 S. E. 447. (2) Statutes, authorizing personal judgments against foreign corporations doing business in the domestic State by service of process upon an officer or agent in charge of any office or place of business of such corporation, and if such corporation be not doing business in the domestic State, by service of process upon an officer or agent temporarily in such State, are constitutional. McNichols v. United States Mercantile Co., 74 Mo. 457; Jester v. Baltimore (N. C.), 42 S. E. 447. (3) Dilatory defenses, such as pleas in abatement, are not favored, but are to be strictly construed, and such plea must give the plaintiff a better writ. Shickley v. Fisher, 21 Mo. App. 557.

*J. F. & R. H. Merryman* for respondent.

Cited the following cases: Gamache v. Smythe, 60 Mo. App. 161; 8 Am. and Eng. Ency. of Law (1 Ed.), page 384; Taber v. Wilson, 34 Mo. App. 89.

BLAND, P. J.—The suit is to recover damages for breach of contract.

The return on the writ of summons is as follows:

"Served this writ in the city of St. Louis, Missouri, on the within named defendant, the Mississippi Cotton Oil Company (a corporation), this twelfth day of March, 1903, by delivering a copy of the writ and petition, as furnished by the clerk, to John A. Lewis, its president.

"JOSEPH F. DICKMAN, Sheriff.

"Fee, $1.00.                    By A. H. WATSON, Deputy."

Defendant filed the following motion to abate suit:

"Now comes the defendant, and appearing for this purpose only, moves the court to quash the service of the sheriff made on the defendant herein, and, for reason therefor, would respectfully state:

"1.   That the said return simply shows that said service was obtained by delivering a copy of the writ and petition to John A. Lewis, its president.

"2.   Defendant states that plaintiff ought not to maintain this action, for the reason that defendant was a corporation organized under the laws of the State of Mississippi, and that it was not at said time, and is not now, doing business in the State of Missouri, nor did it ever have any office, agent or employee in said State."

Plaintiff demurred to the motion in the nature of a plea in abatement.   The demurrer was overruled.

Plaintiff filed the following reply:

"Now this day comes plaintiff, and for reply to the new matter set up in answer of defendant herein, denies each and every allegation thereof, and asks judgment in accordance with the prayer of his petition."

The motion in the nature of a plea in abatement was sustained by the court and the suit ordered to abate. Plaintiff saved his exceptions in the usual way and appealed.

In respect to the service of summons on foreign corporations, the fourth subdivision of section 570, Revised Statutes 1899, is as follows:

"Where defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office or doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained, and when had in conformity with this sub-

division, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it."

The obvious meaning of this subdivision of the statute is, that if the foreign corporation has an office or place of business in this State, service of the writ must be made by delivering to the officer or agent of the company in charge of such office or place of business, a copy of the petition and writ, but if the foreign corporation has no office or place of business in this State, that the writ may then be served by delivering a copy of the same with a copy of the petition, to any officer, agent, or employee of the company found in the State. The return, therefore, to be good under the second clause of the subdivision, should state affirmatively that the defendant company had no office or place of business in the State. The return fails so to state and for that reason is insufficient under the statute. But this insufficiency of the return furnished no grounds for abating the suit as it might have been amended to conform to the requirements of the statute if the facts authorized it. It is contended by the defendant that the return as made was insufficient to confer jurisdiction in the court over the person of the defendant. We are inclined to agree with this contention. The authorities seem to be that jurisdiction to render personal judgment against a foreign corporation can not be acquired, except where the corporation is doing business, or has a business office or agency in the State where sued. St. Clair v. Cox, 106 U. S. 350; Fitzgerald, etc., Construction Co. v. Fitzgerald, 137 U. S. 98; Goldey v. Morning News, 156 U. S. 518; King v. Sullivan, 93 Ga. 621; Crook v. Girard Iron Co., 87 Md. 138; Eureka Mercantile Co. v. California Insurance Co., 62 Pac. (Cal.) 393; Phillips v. Library Co., 141 Pa. St. 462; Watkins Land-Mortgage Co. v. Elliot, 62 Pac. (Kan.) 1004. It is stated in the petition that defendant was a Mississippi corporation,

but no evidence was offered to show whether or not it had an office or place of business in the State of Missouri.

The judgment is reversed and the cause remanded with directions that unless the return of the sheriff is amended so as to comply with the requirements of the first or second clause of the fourth subdivision of section 570, Revised Statutes 1899, the suit be dismissed. *Reyburn* and *Goode, JJ.,* concur.