GREENBRIER DISTILLERY COMPANY, Appellant,
v. PHILIP R. VAN FRANK, Respondent.

St. Louis Court of Appeals, February 21, 1910.

1. **EVIDENCE: Presumptions: Receipt of Mail Matter: Rebutting Presumption.** In an action for liquor sold and delivered, it was not error warranting a new trial to exclude testimony that defendant's agent and manager of his hotel had all letters brought to him, that he withheld those he did not wish defendant to see, putting them in his pocket, as tending to rebut the presumption that letters mailed, properly addressed to defendant, had not been delivered, since it did not show what letters were withheld, nor to what matters those withheld related, and the evidence was, therefore, incompetent as too general and indefinite.

2. ————: ————: **Receipt of Telegram: Rebutting Presumption: Harmless Error.** In an action for liquor sold and delivered, testimony that defendant's agent and manager of his hotel directed that all telegrams going into the hotel be brought to him, as bearing on the issue that he suppressed plaintiff's telegram to defendant, might properly have been admitted, but its exclusion was not sufficient to warrant a new trial.

3. **CORPORATIONS: Foreign Corporations: Selling Through Drummers: License.** A foreign corporation, selling to a customer in this State through a traveling agent, is not required to take out a license to do business in this State.

4. **INSTRUCTIONS: Singling Out and Commenting on Evidence.** An instruction which singles out particular evidence and comments on that alone to the exclusion of the other evidence in the case is erroneous.

5. **PRINCIPAL AND AGENT: Instructions: Evidence: Direct Evidence not Essential to Prove Agency.** In an action for liquor sold and delivered through an order given by defendant's agent, an instruction asked by defendant to the effect there was no evidence that defendant gave direct authority, employed, appointed or constituted the person who gave the order as agent to buy the liquor, was properly refused, as it would have tended to confuse the jury and unwarrantably turned their attention to the fact that direct evidence should have been given of authority to constitute agency, which is not the law.

Distillery Co. v. Van Frank.

6. ———: ———: ———: ———: **Authority of Agent.** In an action for liquor sold and delivered through an order given by defendant's agent, where defendant denied the authority of the agent, an instruction that agency need not be established by direct and positive proof, but may be established by circumstantial evidence, and that if the jury believed from all the facts and circumstances in evidence the alleged agent was the agent of defendant and had authority to purchase the goods in the name and on the credit of defendant, then plaintiff is entitled to recover, was a correct declaration of law.

7. ———: ———: **Authority of Agent: False Representations of Agent.** In an action for liquor sold and delivered through an order given by defendant's agent, a requested instruction that if the jury believed the alleged agent falsely and fraudulently represented to plaintiff he was defendant's agent, with the intention of converting the goods ordered to his own use, and that the sale was made by plaintiff by reason of reliance on such false statements, then the jury should find for defendant, was an incorrect statement of the law applicable to the case and was properly refused as not being within the issues of the case.

8. ———: **Evidence: Circumstances to Prove Agency.** In an action for liquor claimed to have been purchased by defendant's agent for defendant, the fact that city and federal licenses were standing in defendant's name was a circumstance proper for consideration in ·connection with the other evidence on the issue of agency.

9. **TRIAL PRACTICE: Change of Theory: Instructions: Refusal of Instructions Covering Opponent's Abandoned Theory.** In an action for liquor claimed to have been purchased by defendant's agent for defendant, where plaintiff abandoned the theories urged at a former trial that defendant had ratified the sale and was estopped to deny the agent's authority, and elected to rely on the theory that the agent had the right to make the purchase in defendant's name, it was proper to refuse a charge on the issues of ratification and estoppel, although the court on appeal from the judgment in the former trial, directed that all these issues be submitted to the jury.

Appeal from Jefferson Circuit Court.—*Hon. Jos. J. Williams,* Judge.

REVERSED AND REMANDED (*with directions.*)'

*R. H. Whitelaw* and *Wilson Cramer* for appellant.

*Robert L. Wilson* for respondent.

REYNOLDS, P. J.—Under the title of Hackett et al. v. Van Frank, this case has been before this court on two previous appeals. The first time on the appeal of defendants, reported 105 Mo. App. 384, 79 S. W. 1013. In the opinion in that case, which was rendered by Judge GOODE, it was said (l. c. 400) : "The case should be submitted to the jury to decide these issues. First, whether Dunlop had authority to make the purchases in Van Frank's name. If he had actual authority, the liability of the defendant follows without reference to any other issue. Second, whether, if he did not have authority at the time they were made, the defendant afterwards learned they had been made in his name and acquiesced in Dunlop's action, thereby ratifying it. In either of those two contingencies the jury are not concerned with the question of estoppel. Third, if Dunlop's acts are found to have been neither authorized nor ratified by the defendant, whether the latter's behavior when he got the telegram induced Sugg to believe Dunlop had acted with authority and so believing, to make the sale on December 6th. We are thus explicit because this is a case in which there is much danger of an unjust result, unless it is tried cautiously and the jury's attention drawn directly to the facts by close instructions. Abstract announcements of legal principles should be avoided."

On the second appeal, which was by the plaintiff, the court had refused to allow the amendment of the names of the parties plaintiff from the name of the partners to that of the corporation under which it appears they were doing business at the time the sale is alleged to have been made to the defendant. That case is reported 119 Mo. App. 648, 96 S. W. 247, when this court held that the amendment should have been allowed. The venue of the case was again changed and it was finally tried in Jefferson county and resulted in a verdict in favor of the plaintiff for the full amount claimed as the value of certain barrels of whiskey alleged to have

been sold by plaintiff to the defendant. On a motion for a new trial which the defendant filed, the trial court sustained the motion and granted a new trial for the reason assigned, "that the court excluded and refused to permit the defendant to read in evidence to the jury on the trial of the cause the following portion of the deposition of Joe C. Lind, namely:

" 'I will ask you if you know anything of Frank Dunlop withholding from Col. Van Frank letters or other mail matter, that would come through the post-office addressed to Col. Van Frank? A. Yes, sir.

" 'Q. How often would that occur? A. As often as he would see a letter that he would think he didn't want the Colonel to see.

" 'Q. Do you know what Dunlop would do with these letters? A. No, sir; he would put them in his coat pocket when I would hand them to him. I had instructions from Dunlop to bring mail for everybody at the hotel; to bring mail to him first, positively.' "

"And because the court further erred on the trial of the cause in refusing to permit the defendant to ask of the witness Cochran the following question, namely:

" 'Q. Did you ever have any arrangements with Mr. Dunlop by which messages that go into the hotel were to be delivered to him?' "

Whereupon plaintiff appealed, the error assigned being that the circuit court erred in sustaining the defendant's motion for a new trial and in granting him a new trial. The defendant, resisting the appeal, contends that there not only was no error in granting the new trial for the reasons stated by the trial court, but that outside of the reasons assigned by the trial court, a new trial should have been awarded for error of the court in refusing instructions he asked, numbered 5, 6, 7, 8, 9, 10, and an instruction not numbered but which we number 11.

The facts in the case so far as necessary to an understanding of it are set out in the report of the case in

the 105 Mo. App. before referred to. Beyond that we only consider it necessary to a full understanding of the case as now before us to set out the instructions which were given and refused.

At the instance of the plaintiff the court gave three instructions as follows:

"1. The court instructs the jury that it is admitted in the pleadings that the Greenbrier Distillery Company, the plaintiff in this cause, is a corporation organized and existing under the laws of the State of Kentucky; and you are further instructed that, as such foreign corporation, it has the right under the laws of the State of Missouri to sell goods in Missouri through its traveling salesmen or drummers, even though it has not filed with the Secretary of State of the State of Missouri a copy of its charter or articles of association.

"And you are further instructed that, if you shall find from the evidence in this cause that plaintiff was not carrying on its business in the State of Missouri otherwise than by soliciting trade and selling its goods through its traveling salesmen or drummers, and that the merchandise now herein sued for was sold by plaintiff to defendant, or his agent, on orders taken by its traveling salesmen or drummer at Cape Girardeau, Missouri, and that the same was delivered to him, or his agent, and has not been paid for, then plaintiff is entitled to recover, and your verdict should be for the plaintiff.

"2. The court instructs the jury that agency need not be shown by direct and positive proof, but may be established by circumstantial evidence, and if the jury believe and find from all the facts and circumstances shown by the evidence in this cause that Frank H. Dunlop was the agent of defendant, Van Frank, and had authority as such to purchase from plaintiffs the goods mentioned in the petition in the name and on the credit of the defendant, then plaintiff is entitled to recover, and their verdict should be for the plaintiffs.

"3. If the jury find the issues for the plaintiffs they are entitled to recover the reasonable market value of the goods sold as shown by the evidence, not exceeding the amount stated in the petition, together with six per cent interest thereon from January 20, 1900, when this suit was filed, up to the present time."

At the instance of the defendant the court gave three instructions. Instructions numbered 1 and 2 are as follows:

"1. The burden of proof is upon the plaintiff to prove its case by a preponderance of the evidence. By the terms 'burden of proof' and 'preponderance of the evidence,' the court does not refer to the number of witnesses sworn on either side of the case, but means that you should find that in point of value and credibility that the evidence on the part of plaintiff outweighs that on the part of defendant.

"2. The court instructs the jury that no statement, declaration or admission of Frank H. Dunlop, that he was the agent of Van Frank in buying the articles mentioned in plaintiff's petition, and as such agent for Van Frank he bought the goods mentioned, such declaration, statements and admissions of said Dunlop is not competent testimony to prove or establish agency, and you are by the court directed to disregard the statements, declarations and admissions of said Frank H. Dunlop that he was acting as agent for Van Frank in buying said whiskey and other articles sued for."

Instruction No. 3 was the usual instruction as to the credibility of witnesses.

The defendant asked seven instructions, which were refused. In the view we take of the case it is only necessary to set out the tenth, which is as follows:

"10. The court declares the law to be, that before the plaintiff can recover in this action it must prove by a preponderance of testimony that defendant, Philip R. Van Frank, either directly authorized Dunlop to

purchase the goods in controversy or that Van Frank did such act as would lead a reasonable person to believe that he had constituted Dunlop his agent to buy goods of the kind sold by Sugg for his principal to Dunlop. Or you must believe that Van Frank knew that Dunlop was buying goods from plaintiff pretending to be the agent of defendant and that after being so informed he did not deny the truth of Dunlop's statements."

On consideration of the case, we are compelled to hold that the action of the learned trial judge in sustaining the motion for a new trial for the reasons assigned by him was erroneous. Taking up the first question asked the witness Lind, which was if he knew anything of Frank Dunlop withholding from Col. Van Frank letters or other mail matter that would come through the postoffice, addressed to Col. Van Frank, the witness answered, "Yes, sir." He was then asked how often that occurred, and he answered that it would occur as often as Dunlop would see a letter that he (Dunlop) wouldn't want Col. Van Frank to see. He was then asked if he knew what Dunlop would do with these letters, and he answered, "No, sir;" that Dunlop would put them in his coat pocket when he handed them to him, and that he had instructions from Dunlop to bring mail for everybody at the hotel; to bring mail to him first, positively. The point of these questions was that there was testimony in the case tending to show that plaintiff had written several letters to the defendant, advising him of the purchase of the barrels of whiskey by Dunlop and of the fact of their shipment, and sent bills for them, and it is claimed that this testimony of this witness which was excluded had a tendency to rebut the presumption that parties received letters mailed to them in due course. We do not think that this testimony excluded had any such tendency, nor that any such conclusion could be lawfully or appropriately drawn from it by the jury. It does not bring

the suppression of letters, if such was a fact, down to
the suppression of the particular letters in controversy;
even if it did, the man who suppressed the correspond-
ence, if it was a fact that it was suppressed, was Dun-
lop, who in no event was the agent or representative
of the plaintiff and in no event can the plaintiff be
charged with the acts of Dunlop, who was the son-in-law
and agent of Van Frank, in withholding from Van
Frank the correspondence referred to. Taking a broader
view of the matter, however, the first question asked
might have been allowed to have been asked, that is,
whether witness knew anything of Dunlop withholding
from Col. Van Frank letters or other mail matter that
would come through the postoffice, and his answer in the
affirmative to this might have been permitted to stand.
But followed up as it was, by the two following ques-
tions, it had no tendency whatever to prove the point
aimed at, namely, the nonreceipt of these particular
letters by Col. Van Frank. The question following it
is so obviously improper under the answer given to it,
as to demonstrate that not only it should have been
excluded, but if that was intended as a sequence of
the preceding question, both should have been ex-
cluded, for the answer is, "as often as he would see
a letter that he would think he didn't want the Colonel
to see." How is it possible for this witness, or any
witness, to have known that? How could this witness,
or any witness, possibly have known what letters Dun-
lop would think that he wouldn't want Col. Van Frank
to see? Then comes the third question: "Do you know
what Dunlop would do with these letters?" And the
answer, "No, sir; he would put them in his coat pocket
when I would hand them to him. I had instructions
from Dunlop to bring mail for everybody at the hotel;
to bring mail to him first, positively." There was no
offer whatever to follow this up by showing that the
letters referred to were addressed to Col. Van Frank
or that Dunlop had suppressed any letters directed to

Col. Van Frank or that failed to deliver them. Dunlop was the manager of the hotel where Col. Van Frank boarded and of which hotel Col. Van Frank was the owner, and Lind was the porter or messenger about the hotel, who brought mail from the postoffice, and there was no impropriety whatever in the manager directing the porter to deliver all mail for the hotel to him, it appearing that at that time Cape Girardeau, where this occurred, had not the free delivery system and that patrons of the postoffice were obliged to send to the postoffice for their mail. We can not see that this had any tendency to rebut the presumption that letters mailed, properly addressed, had not been delivered in due course of mail; certainly it is a presumption that under the facts in the case should not be suffered to prevail against the plaintiffs. Furthermore, the excluded evidence was in itself incompetent because so general in its character as not to prove, but only allow a conjecture, that Dunlop suppressed plaintiff's letters and telegrams to defendant. The witness was not asked if any particular letters were suppressed, and only said Dunlop suppressed Van Frank's mail, "whenever the letters were such as Dunlop did not want Col. Van Frank to see." This is too indefinite and uncertain to be evidence tending to prove that letters written by plaintiff to Col. Van Frank about the whiskey in question were suppressed.

The second ground, based on the exclusion of the testimony of the witness Cochran, who was a telegraph messenger boy, as to whether he ever had any arrangement with Mr. Dunlop by which messages going into the hotel were to be delivered to him, may be tenable; the question might properly have been permitted to be asked, but the refusal to allow it to be asked, under the facts in this case, would not have constituted reversible error—at most it was harmless and is not sufficient ground to justify setting aside the verdict and granting a new trial.

This brings us to the errors complained of by the defendant as reasons why the motion for a new trial should have been sustained. They are errors founded upon the refusal of the court to give the seven instructions asked by it and heretofore set out. Instruction number 5 was properly refused. It is not the law of this State that a corporation of another state, selling to a customer in this State, through a traveling agent, is required to take out a license to do business in this State. The law concerning this was properly set out by the court in the first instruction which it gave at the instance of the plaintiff. The sixth instruction was a comment on particular parts of the evidence to the exclusion of all the evidence, and it would have been error to have given it; it singled out particular, specific evidence and commented on that to the exclusion of the other evidence in the case and was wrong in itself. The seventh instruction, to the effect that there was no evidence in the case that the defendant Van Frank gave direct authority, employed, appointed or constituted Dunlop his agent to buy the whiskey, was misleading in that form and would have tended to confuse the jury and unwarrantably have turned their attention to the fact that direct evidence should have been given of authority to constitute agency, which is not the law. The eighth instruction, to the effect, that if the jury believed from the evidence that Dunlop, by false and fraudulent representations to the agent of plaintiff, made with the intention to buy the goods sued for, converted the goods to his own use, and that the sale was made by plaintiff or its agent by reason of the full reliance on a statement made by Dunlop, that he was the agent of Van Frank and that such statements were false, that then the jury should find for defendant, was an incorrect statement of the law applicable to this case and not within the issues of the case. No such defense is pleaded. Furthermore, in the second instruction, which the court gave at the

instance of plaintiff, it fully and correctly covered the doctrine of proof of agency as applicable to this case and correctly covered the propositions which the defendant, by his seventh and eighth instructions incorrectly attempted to have in the case.   The ninth instruction, to the effect that no consideration should be given by the jury to the fact that city and federal licenses were standing in Van Frank's name, is not a correct statement of the proposition.   It is very true that these licenses standing in the name of Van Frank were not conclusive evidence of the fact of agency, but in connection with the other evidence in the case, they were entitled to be considered by the jury as a circumstance in establishing the fact of agency.

It may be said generally as to these instructions that they are subject to and fall within the condemnation of the opinion of this court as rendered by Judge GOODE in the Hackett case as reported in 105 Mo. App., in that they tend to announce abstract principles of law rather than the application to the facts in the case, in part, and again, single out particular facts, to the exclusion of all the facts.   As to the tenth instruction, which we have set out and which was refused, it will be seen that it practically embodies the issues which this court said in the 105th Mo. App. case should be submitted to the jury, but counsel have evidently misunderstood or misapplied what was there said.   To repeat, what Judge GOODE said in that case was that the case should be submitted to the jury to decide three several issues: First, whether Dunlop had authority to make the purchases in Van Frank's name; second, whether, if he did not have that authority at the time the purchases were made, had the defendant, with knowledge that they had been made, acquiesced in the action of Dunlop; third, if Dunlop's acts were found to have been neither authorized nor ratified by the defendant, whether defendant's behavior when he received the telegram induced Sugg to believe that Dunlop had

acted with authority and that so believing he made the sale on December 6th. All of these, when considered in the light of the case then before the court are to be understood on the supposition that the case was to be again presented to the jury by the plaintiff on the three theories or issues so pointed out. But in the present trial the plaintiff saw fit to rest its case on the first proposition alone, namely, whether Dunlop had authority to make the purchase in Van Frank's name. Plaintiff covered this proposition by its second instruction, and by that second instruction practically abandoned the question of subsequent ratification, which fact of ratification is set out in the second and third propositions made by Judge GOODE. Plaintiff had a perfect right to do this; that is to say, rest his case alone on the proof of agency in Dunlop. Having done that, to inject into the instruction asked, as was attempted to be done by this tenth, the element of acquiescence or ratification was improper. In other words, the second instruction which the plaintiff asked and which was given, covered the case on the theory on which plaintiff was willing to stand. Plaintiff had the right to abandon all other theories. If it was willing to abandon the question of ratification or estoppel, it had a perfect right to do so. It did it by the second instruction which it asked and which was given. In this view of the case, there was no error in refusing the tenth instruction, which the defendant asked. This conclusion leads to the result that the learned trial court erred on the grounds assigned by it in setting aside the verdict, and an examination of the record in the case satisfies us that the assignment of errors outside of that are not maintainable. We conclude that the trial court erred in sustaining the motion for new trial. Its judgment in that respect is reversed, and the cause remanded with directions to enter up judgment on the verdict as returned in the case. All concur.