FRED   BAUCH, Respondent, v. WEBER   FLOUR MILLS COMPANY, Appellant.

Springfield Court of Appeals, March 11, 1922.

1. CORPORATIONS: Sending of Traveling Salesman to Solicit Orders not "Doing Business" in the State Within Statute as to Service of Process. A foreign corporation not licensed to do business in the State, having no place of business in the State, but merely sending traveling salesmen to solicit and take orders, was not doing business in the State within Revised Statutes 1919, section 2746, relating to service of process, in view of sections 9790-9792.

2. COMMERCE: Permitting Service of Summons on Traveling Salesman of Foreign Corporation Restriction on Interstate Commerce. If Revised Statutes 1919, section 2746, was construed to permit service upon a foreign corporation by delivery of a copy of a writ upon a traveling salesman simply in the State to solicit orders, it would constitute an unlawful restriction on interstate commerce.

3. PROCESS: Return can be Amended Only by Leave of Court. A sheriff may amend a defective return on a summons, but can do so only by leave of court, in view of Revised Statutes 1919, section 1277.

4. ———: **Amended Return on Summons not Conclusive.** In no event can an officer amend his return on a summons except for the purpose of making it conform to the facts, and an amended return is not conclusive and the action of the court in permitting the amendmen may be questioned on motion to quash execution.

5. **CORPORATIONS: Return on Summons Held Insufficient to Show Service on Foreign Corporation.** A return on a summons, "I hereby certify that I executed the summons by delivering a copy of this summons to E. R., the Deft's. agent in Burdine Township," was insufficient to show valid service on a foreign corporation under Revised Statutes 1919, section 2746.

Appeal from the Circuit Court of Texas County.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*John T. Sturgis* and *Frank B. Williams* for appellant.

(1) Such execution has the same force and effect as if issued on a circuit court judgment and is under the control of the circuit court and may be quashed by the court. Holzhaur v. Meer, 59 Mo. 434; Secs. 2850 and 2851, R. S. 1919; McDonnell v. Tea & Coffee Co., 150 Mo. App. 24, 28; Carter v. Exposition Co., 124 Mo. App. 530, 535; Bauer v. Bauer, 40 Mo. 61; Ruby v. Railroad, 39 Mo. 480; Scharff v. McGaugh, 205 Mo. 344, 356. (2) The statute provides for a filing motion to quash an execution in vacation before the judge; Secs. 1675, 1676, and 1677, R. S. 1919, or same may be filed and heard in open court, as was this one, and is properly filed and heard in the court issuing the execution. Mellier v. Bartlett, 89 Mo. 134, 137; Heuring v. Williams, 65 Mo. 446. (3) The question of the jurisdiction of the court rendering the judgment may be questioned on a motion to quash the execution, as a valid judgment is necessary to support an execution. If the court rendering the judgment was without jurisdiction, either of the subject matter or of the defendant, the execution should be quashed. Wernecke

v. Wood, 48 Mo. 352, 356; Holzhaur v. Meer, 59 Mo. 434; Brown v. Langlois, 70 Mo. 226. In the Wernecke case, supra, the court said: "An execution must certainly have a valid judgment to support it, and, if the judgment is of no validity, the execution will be equally void." (4) The Constable's Amended Return must be disregarded. Making an amended return is a judicial and not ministerial process. The court must hear the matter and make an order permitting the amendment and the order so made is subject to review on appeal. No such order permitting the amendment was made and if it had been it would be contrary to all the evidence. Secs. 1274, 1277 and 1289, R. S. 1919; State ex rel. v. City of St. Louis, 67 Mo. 113, 117; Judd v. Smoot, 93 Mo. App. 289; Feurth v. Caster, 174 Mo. 289; Dunham v. Wilfong, 69 Mo. 355, 358.

*W. L. Hiett* for respondent.

(1) The constable's amended return has in it everything required by section 1186, Revised Statutes 1919, to give the justice court jurisdiction, and as to the defendant, the statements in said return are conclusive. Cement Co. v. Sale, 232 Mo. 166; Newcomb v. Railroad, 182 Mo. 687; Davis v. Railroad, 126 Mo. 69; Stegall v. Pigment Co., 150 Mo. App. 251. (2) And the amendment relates back to the proper return date. Kahn v. Mercantile Co., 228 Mo. 585. (3) The defendant was not entitled to notice of making the amended return. Kahn v. Mercantile Co., 228 Mo. 585, 150 Mo. App. 393.

BRADLEY, J.—This is an appeal from an order overruling a motion to quash an execution. Plaintiff is a dealer in flour and feed próducts at Cabool, Mo. Defendant is a manufacturer and wholesaler of these products at Salina, Kan. Some time prior to July 28, 1920, plaintiff ordered a car of flour and feed from defendant, and when this shipment arrived it was somewhat damaged, and plaintiff filed a claim for $235.05, but the claim was not adjusted. On July 28, 1920, defendant's travel-

ing salesman, E. E. Reed, in the course of his duties in calling upon the trade, was in Cabool, and called upon plaintiff at his place of business in an endeavor to secure an order for flour and feed. While Reed was in plaintiff's place of business he was served by the constable of the township with a summons issued by a justice of the peace, said summons being based on a statement or petition filed with the justice by plaintiff against defendant in which statement plaintiff demanded judgment for $235.05 for the damage mentioned. Among other allegations in this statement plaintiff alleged defendant was a corporation, duly incorporated, and doing business as a corporation at Salina, Kan. The constable made return on the summons as follows: "I hereby certify that I executed the within summons by delivering a copy of this summons to E. E. Reed, the Deft's. agent in Burdine Township on the 28th day of July, 1920." The cause in the justice court was returnable on August 9, 1920, and on that day plaintiff appeared, but defendant made default, and the justice entered judgment for the amount sued for. On April 30, 1921, a transcript of this judgment was filed in the circuit court and duly entered of record. On May 19, 1921, a transcript execution was issued by the clerk of the circuit court of Texas county directed to the sheriff of Dade county. Under this execution, which was returnable to the August term, the sheriff of Dade county on June 7, 1921, levied upon a carload of flour in Dade county, which had been shipped by defendant to a dealer in that county. The particulars of this shipment do not appear but it seems that the flour levied upon belonged to defendant. On June 13, 1921, defendant filed its motion to quash. The hearing on this motion was had on August 19, 1920, when it was overruled, and this appeal followed.

The motion is bottomed upon the proposition that the justice of the peace acquired no jurisdiction. As we read this record there are only two questions here: (1) Was the defendant *doing business in this State* within the purview of that language in section 2746,

Revised Statutes 1919; (2) Is the amended return conclusive?

The language of section 2746 pertinent here is: "Fourth, where the defendant, not being a railroad corporation, is a corporation or joint stock company, organized under the laws of this or any other State or county, and having an office or doing business in this State, by delivering a copy of the writ to any agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any agent or employee in any county or city where such services may be obtained." On the hearing of the motion to quash defendant introduced evidence which established conclusively that it was a Kansas corporation; that it was not licensed to do business in this State; that it had no place of business in this State; no office in this State and did no business in this State except to send a traveling salesman into the State to solicit and take orders. There was not a word of evidence to the contrary. Defendant introduced in evidence a letter dated July 9, 1920, written by defendant to plaintiff advising that Mr. Reed "will hereafter represent us in the Missouri territory." This letter did no more than advise that a different traveling salesman than theretofore would call on the trade in Missouri and solicit orders. On March 21, 1921, defendant wrote plaintiff announcing the death of its traveling salesman, Mr. Reed. In this letter defendant enclosed an original and copy of a proposed telegram in the event plaintiff wanted to use it. This proposed telegram was addressed to defendant and if used would have asked for the price of a certain brand of flour. These letters and this proposed telegram in no manner tend to show that defendant was *doing business in this State,* within the meaning of that language as used in section 2746. Sections 9790, 9791 and 9792, Revised Statutes 1919, dealing with foreign corporations as to license, etc., are not wholly pertinent here, yet the proviso to section 9792, is significant we think. This proviso is as follows: "Provided,

that the provisions of this article are not intended to and shall not apply to drummers or traveling salesmen soliciting business in this State for foreign corporations, which are entirely non-resident.''

The courts of this State have uniformly held that a foreign corporation which carries on a *business* in this State as was defendant is not *doing business in this State* as that expression is generally used in our statute. [St. Louis to use v. Parker-Washington Co., 271 Mo. 229, 196 S. W. 767; Distillery Co. v. Van Frank, 147 Mo. App. 204, 126 S. W. 222; Packing Co. v. Grocer Co., 193 Mo. App. 236, 182 S. W. 1036; Corn Products Co. v. Candy and Bakers Supply Co., 156 Mo. App. 110, 135 S. W. 985; International Text Book Co. v. Gillispie, 229 Mo. 397, 129 S. W. 922; Medical Co. v. Holloway, 182 Mo. App. 140, 168 S. W. 290; Koenig v. Boat Mfg. Co., 155 Mo. App. 685, 135 S. W. 514; Engine & Manufacturing Co. v. Apartment Co., 154 Mo. App. 139, 133 S. W. 624.] The State cannot place such restrictions on interstate commerce as would be attempted in the event we were to hold that under the facts here defendant was doing business in this State. Sending a traveling salesman into the State by a foreign corporation and soliciting orders through him is not *doing business in this State* as that language is used in section 2746, Revised Statutes 1919, the section under which service was attempted. [Zelnicker Supply Co. v. Cotton Oil Co., 103 Mo. App. 94, 77 S. W. 321; Nathan v. Oil Co., 187 Mo. App. 560, 174 S. W. 126; Painter v. Railroad, 126 Mo. App. 248, 104 S. W. 1139; State ex rel. v. Sale, 232 Mo. 166, 132 S. W. 1119; Doe v. Springfield Boiler Co., 104 Fed. 684.]

Was the amended return conclusive? Defendant challenges the manner in which the amended return arrived at the point where it might be dignified by denominating it a return. It seems that the constable made out *an amended return* of his own accord and without any direction of the court. It does not clearly appear just what paper or file this amended return was on. Whether it was on the original summons or on a separate

paper does not appear. It does appear, however, that no leave was asked to amend, and none given, but the court in the hearing on the motion to quash permitted the introduction of the *amended return.* This return is as follows: "I, Ed Mitchell, for my amended return to the summons in the above entitled cause do hereby certify that on the 28th day of July, 1920, in Burdine Township, in Texas County, Missouri, I executed the writ of summons in said cause by delivering a copy of said summons to E. E. Reed, an agent of the Weber Flour Mills Company and that the said company is a foreign corporation doing business in the State of Missouri, and having no office or place of business in the said State of Missouri at which service on said corporation could be had." That a return may be so amended as to conform to the facts is not questioned, but such can only be done by leave of court. It is stated in Scruggs v. Scruggs, 46 Mo. l. c. 273, that the right of the sheriff to amend a defective return, on leave of court, is beyond question. [See, also, sec. 1277, R. S. 1919; Kohn v. Insurance Co., 228 Mo. 585, 128 S. W. 995; Sibole v. McKinnies, 217 S. W. (Mo. App.) 577 and cases there cited.] But in all the cases touching upon the subject, and under the statute, it is plain that the amendment must be under the direction of the court, and an officer has no right without leave to amend a return. In considering an amendment before final judgment as authorized by section 1274, Revised Statutes 1919, we ruled in Hopkins v. Henson et al., 205 Mo. App. 384, l. c. 389, 224 S. W. 119, that the officer could not as a matter of course amend, in effect that an amendment can only be made by leave and under the direction of the court. In the instant case the amended return was offered in evidence as though it had been properly made. The court admitted it over the specific objection that the return had not been made under the direction of the court. The amended return was not made in accordance with the law, but the court seemed to recognize it as an amended return, and in view of the result that we must reach in this case we need not consider further the man-

ner in which the amended return was made. If the trial court was correct in his finding that the defendant was doing business in this State within the meaning of that language as used in section 2746, Revised Statutes 1919, then the manner in which the amended return was made might be of more consequence. In no event could the constable amend his return except for the purpose of making it conform to the facts, and the court and not the officer would be the judge of what facts should be shown in an amended return. The rule of course is different with respect to a default judgment on an original return. Where the original return shows valid service, and defendant defaults then he is bound by the return, and his only remedy is against the officer on his bond. [Barnett v. Barnett, 230 S. W. (Mo. App.) 337.]

The original return was clearly insufficient and the default judgment based on that return on the motion to quash would have been held void. To escape this consequence plaintiff caused the return to be amended so as to show valid service, but the officer could state no fact in the return that was not lawfully authorized by the court. The return in no event can lawfully state any-thing except the facts. Let it be assumed that under the direction of the court the constable in his amended return stated such facts as were authorized by the court. Then the question is, was the court justified in authorizing a return showing that defendant *was doing business in this State?* We think not. It was shown that defendant was not doing business in this State in the sense that expression is used in section 2746. This being the case the court could not lawfully authorize the amended return. If the amended return had no foundation in law then it must and does fall, and defendant is not bound by it, and it is not conclusive.

Plaintiff cites Cement Co. v. Sale, 232 Mo. 166, 132 S. W. 1119; Newcomb v. Railroad, 182 Mo. 687, 81 S. W. 1069; Davis v. Railroad, 126 Mo. 69, 28 S. W. 965; Stegall v. Pigment Co., 150 Mo. App. 251, 130 S. W. 144, to support his contention that the amended return is con-

clusive. These cases are not in point because they do not deal with returns under facts like or similar to the facts here.

The judgment is reversed and cause remanded with the direction to sustain the motion to quash. *Cox, P. J.,* and *Farrington, J.,* concur.