## CORN PRODUCTS MANUFACTURING COMPANY, Respondent,· v. WESTERN CANDY & BAKERS SUPPLY COMPANY, Appellant.

**St. Louis Court of Appeals. Argued and Submitted March 8, 1911. Opinion Filed March 21, 1911.**

FOREIGN CORPORATIONS: Not Licensed to Do Business: Interstate Commerce. Where a foreign corporation, with its principal office in a city in a foreign state, employed an exclusive broker for the sale of its products in this state, which broker took an order for such products, which was sent to the office of such corporation for acceptance or rejection and was accepted and the buyer notified thereof, and the goods were thereafter shipped to the buyer f. o. b. cars, from the point of manufacture in another state, the broker maintaining his own office and having no power to make contracts binding upon the foreign corporation, the transaction constituted interestate commerce, and the foreign corporation was not precluded from suing on the contract of sale in this state because of its failure to comply with sections 1024, 1025 and 1026, Revised Statutes 1899; these sections not applying to interstate commerce.

Appeal    from    St.    Louis    City    Circuit    Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*Kortjohn & Kortjohn* for appellant.

(1)    On the undisputed evidence plaintiff was disqualified from maintaining and prosecuting this suit. R. S. 1909, sec. 3040; Zinc and Lead Co. v. Zinc Mining Co., 221 Mo. 7.    (2)    The contract was made in Missouri

with a foreign corporation "doing business" in Missouri, within the meaning of the statute, without having been licensed, and is therefore void. Tri-State Co. v. Forest Park Co., 192 Mo. 404; Osborne & Co. v. Shilling, 88 Pac. 258; Mill & L. Co. v. Sims, 197 Mo. 507; Zinc & L. Co. v. Bay State Co., 221 Mo. 7; Shoe Co. v. Ramlose, 210 Mo. 631; Roeder v. Robertson, 202 Mo. 522; Manufacturing Co. v. Construction Co., 124 Mo. App. 362; Bank v. Leeper, 121 Mo. App. 688; Buggy Co. v. Priebe, 123 Mo. App. 521; United Shoe Mach. Co. v. Ramlose, 132 S. W. 1133.

*Schnurmacher & Rassieur* for respondent.

(1) Contracts entered into by a foreign corporation in the state of its domicile, with citizens of this state, are enforcible in this state as a matter of comity. Such a corporation is not required to comply with the statutes of this state governing foreign corporations to entitle it to sue in the courts of this state. Holder v. Aultman, Miller & Co., 169 U. S. 81; Tri-State Co. v. Forest Park Co., 192 Mo. 404; Trower Bros. Co. v. Hamilton, 179 Mo. 205; Hogan v. City of St. Louis, 176 Mo. 149; Blevins v. Fairley, 71 Mo. App. 259. (2) Where an offer for a contract, received through a broker in this state, is transmitted by him to the home office of the company in the foreign state, and is there accepted or rejected by it, the business is done outside of this state, and our statute does not apply. Beale on Foreign Corporations, sec. 207; Butler Bros. v. U. S. Rubber Co., 156 Fed. 1; Miller v. Goodman, 91 Tex. 41; Allen v. Buggy Co., 91 Tex. 222; Collieries Co. v. McKeevor, 2 L. R. A. (N. S.) 127; Lumber Co. v. Insurance Co., 66 App. Div. 151 (affirmed 172 N. Y. 633); Mfg. Co. v. Frizzell, 81 Pac. 58; Slayter Company v. Paper Box Co., 69 N. J. L. 214; Engine Co. v. Vroomania Co., 133 S. W. 624; McBath v. Jones Cotton Co., 149 Fed. 383; Carpenter v. Lumber Co., 158 Fed. 697; Packing Co. v.

Turle, 111 N. Y. S. 839. (3) The statutes of Missouri are not applicable to interstate commerce, and a foreign corporation may recover upon such contracts, even though the interstate business was solicited through a resident agent of the company. Text Book Co. v. Gillespie, 229 Mo. 397; Text Book Co. v. Pigg, 217 U. S. 91, 27 L. R. A. (N. S.) 493; Loverin & Browne Co. v. Travis, 115 N. W. 829; Engine Works v. Parkinson, 161 Fed. 223; Heisig Rice Co. v. Fairbanks, 100 S. W. 959; Engine Co. v. Vroomania Co., 133 S. W. 624.

REYNOLDS, P. J.—Action by plaintiff, a New Jersey corporation, against defendant for recovery of the price of 150 barrels of starch, sold, shipped and delivered to defendant, for which it is alleged defendant agreed to pay plaintiff a stipulated sum; that not being paid, plaintiff demands judgment, with interest from date of demand.

The answer avers that plaintiff is a foreign corporation, that the transaction involved was business done in this state, and that at the time of the alleged contract and purchase, plaintiff was doing business here in violation of the provisions of sections 1024, 1025 and 1026, Revised Statutes 1899; wherefore it is alleged plaintiff is not entitled to maintain the action. As a second defense defendant sets up a counterclaim founded on an alleged breach by plaintiff of a contract between it and plaintiff. As a third defense, defendant avers that plaintiff is a corporation doing business in this state in violation of the provisions of chapter 143, Revised Statutes 1899, as amended by the Act of March 19, 1907, entitled "Pools, Trusts and Conspiracies," now sections 10298 and following, Revised Statutes 1909, and that by reason of the violation of the provisions of that chapter, defendant is not liable to payment for the articles alleged to have been purchased by defendant.

The reply is a general denial of these three defenses.

No declarations of law appear to have been asked or given.

The trial was before the court, a jury being waived, in part upon an agreed statement of facts, in part on oral testimony, each party having reserved the right to introduce any additional testimony they might desire. There was judgment for plaintiff, from which, after interposing a motion for new trial and saving exceptions on that being overruled, defendant has duly perfected its appeal to this court.

By the agreed statement of facts it appears that at the time of the contract of sale upon which the action is founded, plaintiff, a foreign corporation, had an agreement with a Missouri corporation, known as the Hagen-Stern Commission Company, hereafter referred to as the Commission Company, that the latter should act as its exclusive broker in and for the city of St. Louis for the sale of its products in St. Louis; that under this agreement the Commission Company solicited orders for plaintiff and that all orders so solicited and secured were sent by the Commission Company to plaintiff's office in Chicago, Illinois, for acceptance or rejection by it, and if accepted by plaintiff, the latter, from its Chicago office, would send to the purchaser a written agreement or confirmation of the sale. This acceptance is addressed to defendant at St. Louis and is dated Chicago, Illinois. In substance it is as follows: Acknowledging the receipt of the order through the Commission Company for 150 barrels of starch at so much per hundred pounds, it is stipulated that shipment is to be within two weeks, the order being accepted on terms and conditions set out, among others, these: All f. o. b. cars at point of shipment, freight prepaid; terms of payment, net cash in New York or Chicago exchange, due at seller's Chicago office in ten days from date of shipment; immediate shipment at seller's convenience within three days from date of sale; seller reserves the

right to ship from any of its factories and to select the route; buyer assumes risk of leakage or damage after delivery to carrier in good order. Seller in no case responsible for demurrage or storage charges at destination. "The acceptance of this confirmation of sale and failure to make written objections thereto within three days shall constitute an acceptance of the above terms and conditions of sale. *Note*: No sale shall be binding upon the company until accepted in writing. All acceptances are made at the Home Office of the company in Chicago. Local brokers are not empowered to give contracts to bind this company."

It is further set out in the agreed statement that no sales were made by plaintiff in Missouri in any other manner. The Commission Company received a commission on all sales made upon orders solicited by it but no other or further compensation, and at its own expense maintained an office in Missouri. "Sign on window was F. W. Hagen & Co. They were brokers for the Corn Products Company. This was the sign on their window," testified a witness, who also testified that the Hagen-Stern Commission Company was succeeded in the brokerage business by F. W. Hagen & Co., and that firm by one Lorentz, and that while these parties were the exclusive brokers for plaintiff in St. Louis, they also acted as brokers for various other concerns, none of which were connected with plaintiff. The merchandise in question was sold in the manner above stated. It was also agreed that when the Commission Company or its successors above named received an order from a customer in St. Louis, if it was for the line of goods dealt in by plaintiff, it would report it to plaintiff at its Chicago office for acceptance or rejection in the form before set out. Plaintiff's main office is at Jersey City, N. J., and its principal western office was and is located at Chicago, Illinois. It was further admitted that plaintiff never obtained any license to do business in Missouri as required by the laws of this state governing

foreign corporations transacting business in this state. It was further agreed that all goods sold by plaintiff to persons in Missouri were manufacturel by plaintiff in Illinois and states other than Missouri and when manufactured were shipped from the point of manufacture in such other state into Missouri to the purchaser, all bills for merchandise sold being sent to the purchaser from the Chicago office and remittances always made by defendant and others dealing with plaintiff to plaintiff's Chicago office. It was further admitted that defendant purchased and received the goods as stated in the petition, in the manner above stated and at the price alleged in the petition; that the quantities are correctly set forth in the petition and that defendant had paid nothing on account of the shipment.   It is further agreed that when the Commission Company received defendant's order for the merchandise involved, it gave defendant no memorandum in writing of the order or of a sale, but telegraphed to plaintiff at Chicago, the order setting out the article, the quantity, the price and the time of shipment.   Whereupon plaintiff wired the Commission Company confirmation and on the same day wrote and mailed from Chicago to defendant the written confirmation or acceptance of the order heretofore referred to.

The oral testimony as set out by appellant's counsel contains nothing that materially adds to or changes the facts as above set out and as embodied in the written stipulation.   A representative or broker for the Commission Company testified that all orders taken are subject to confirmation by the house that he is selling for, and that if plaintiff at its Chicago office does not approve an order it is no sale; that he, for the Commission Company, simply solicits orders for plaintiff; that his orders are frequently rejected. .

The plaintiff's plants are located at Granite City, Waukegan and Pekin, Illinois, and there is one in New York.   Plaintiff does no manufacturing in this state,

and the goods delivered on the orders were all shipped into this state from plaintiff's factories in Illinois, Indiana or New York.

There is no pretense of testimony bearing on the counterclaim of defendant nor on the third defense, that plaintiff is carrying on business in violation of what are known as the anti-pool or anti-trust laws of this state. [Art. I, chap. 98, R. S. 1909.]

On these facts it is evident that this whole transaction pertains to interstate commerce. The sale was made in Illinois; the goods were delivered to defendant outside of Missouri; its ownership attached to them outside of this state.

In the very recent case of United Shoe Machinery Co. v. Ramlose, 231 Mo. 508, 132 S. W. 1133, our Supreme Court cites approvingly many cases holding that what are now sections 1024, 1025 and 1026, supra, do not apply to such transactions, and do not close the courts of our state to the seller, a foreign corporation, attempting to enforce the contract of sale against the buyer. So too it is held by that court, in International Text Book Co. v. Gillespie, 229 Mo. 397, 129 S. W. 922, following that of the Supreme Court of the United States in International Text Book Company v. Pigg, 217 U. S. 91, followed by this court in Chuse Engine & Manufacturing Co. v. Vroomania Apartment Co., 154 Mo. App. 139, 133 S. W. 624, and Koenig v. Truscott Boat Manufacturing Co., 155 Mo. App. 685, S. W. —, not yet reported, that these sections of our statute cannot and do not apply to interstate commerce. The whole subject is so fully covered by these decisions that it is unnecessary for us to do more than refer to them as conclusive in this case. On the authority of these decisions and applying the law there announced to the facts in the case at bar, we hold that the judgment of the circuit court must be, and it is hereby affirmed. *Nortoni* and *Caulfield, JJ.,* concur.