GOODWIN & JEAN, RESPONDENTS, v. AMERICAN RAILWAY EXPRESS COMPANY, APPELLANT.*

St. Louis Court of Appeals.   Opinion filed February 21, 1927.

1.—Corporations—Corporate Assets—Sales—One Corporation to Another—Stock Issued in Payment—Rights of Creditors. When one corporation takes over all the tangible assets and properties of another, and issues shares of stock as sole payment for such assets and properties, it takes the same subject to the debts and liabilities of the old corporation in a sum equal to the value of the assets taken.

2.—Same—Foreign Corporations—Not Licensed and Doing Business in This State—Interstate Commerce—Statutes—Inapplicable. Sections 9791, 9792, Revised Statutes 1919, requiring a foreign corporation doing business in this State to take out a license, held unavailing and inapplicable where plaintiff's cause of action is based upon an interstate shipment.

3.—Carriers—Express Companies—Non-Delivery of Interstate Shipment—Provisions in Express Receipt—Reasonableness. A provision in a uniform express receipt requiring suit for non-delivery of shipment to be brought within two years and a day after a reasonable time for delivery of the shipment had elapsed, held a reasonable limitation.

4.—Same—Same—Same—Same—Limitation of Actions. A suit for damages based upon alleged failure to deliver an interstate express shipment brought two years and twenty-six days after the date the shipment was delivered to the express company when two to four days was reasonable time for the delivery of the shipment in question, held barred by the provisions of the uniform express receipt under which the shipment was made, limiting the time for bringing suit to two years and a day after reasonable time for delivery had elapsed, although for thirty-one days defendant was not licensed to do business in this State due to taking over the business of another express company, where plaintiff, at all times, could have had service on either corporation, in view of section 1186, Revised Statutes 1919, affording an adequate and effective method of service of summons on the defendant.

*Corpus Juris-Cyc References: Carriers, 10CJ, p. 154, n. 86; p. 344, n. 16, 18; Commerce, 12CJ, p. 109, n. 20, 23; Corporations, 14aCJ, p. 1072, n. 33; p. 1077, n. 9; p. 1253, n. 45, 48.

Appeal from the Court of Common Pleas Cape Girardeau County.—Hon. John A. Snider, Judge.

REVERSED.

*Stockton & Stockton*, and *Oliver & Oliver* for appellant.

(1)   The American Railway Express Company is not liable to plaintiffs for any cause of action they may have had against the Wells-Fargo & Company Express. McAlister v. Amer. Ry. Express Co., 103 S. E. 129; 10 Cyc. 308; Evans v. Unity Investment Co., 196 S. W.

49; 1 Story, Equity, sec. 258; 1 Bigelow on Frauds 9; Powell v. North Mo. R. R. Co., 42 Mo. 63; Brown v. American Ry. Express Co., 123 S. E. 97. (a) The defendant American Railway Express Company was not in existence when plaintiffs' cause of action, if any they had, arose. The cause of action, if any, arose, in December, 1917, and defendant was incorporated in June, 1918. (b) The transfer from Wells-Fargo & Company Express to the American Railway Express Company was bona fide, in good faith, for the full actual value of the property transferred. Powell v. North Mo. R. R. Co., 42 Mo. 63. (c) The Wells-Fargo did not dispose of nor transfer all of its property to defendant. It had and still has millions of dollars worth of property. (d) The Wells-Fargo was not at the time of the transfer nor has it been at any time since then insolvent. (e) It is still an active functioning corporation, though not engaged in the express business. (f) The transfer was not made by collusion, but against the will of the Wells-Fargo & Company as a war measure. (g) The Wells-Fargo & Company maintained its office and claim bureau in St. Louis, Missouri, for months after this alleged claim arose, for the very purpose of adjusting or disposing of just such claims, and plaintiffs did not avail themselves of the opportunity they then had of suing the Wells-Fargo & Company Express, if they saw fit so to do. The fact that they did not do so does not make the defendant liable. (h) The fact that others were paid and plaintiffs were not does not make defendant liable. Evans v. Unity Inv. Co., 196 S. W. 49. (2) The plaintiffs have no cause of action against either the Wells-Fargo & Company Express or the American Railway Express Company. They failed to bring the suit within the time provided for in the contract of shipment. The uniform express receipt used in this shipment was approved by the Interstate Commerce Commission. It provided (section 7 of Official Express Classification No. 25, effective July 1, 1917, Defendant's Exhibit No. 2) that suit must be brought "within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." That provision is binding upon respondents. Leigh Ellis v. Davis, 260 U. S. 682; Lazarus v. N. Y. Central R. R. Co., 271 Fed. 93, 278 Fed. 900; American Ry. Express Co. v. Livee, 263 U. S. 18. (3) The reasonableness of the time fixed in a contract of shipment for bringing an action for loss of or damage to the shipment, is a question of law for the court. Two years and a day is a reasonable limitation. M. K. & T. R. R. Co. v. Harriman, 227 U. S. 657; Ellis v. Davis, 260 U. S. 682. (4) Subsection F of section 206 of the Federal Transportation Act of 1920, approved February, 28, 1920, providing that the period of Federal control shall not be computed as a part of the period of limitations against carriers is not applicable in this case, because this cause of action, if any, accrued prior

to the passage of the act, and this suit was filed prior to the passage of the act. The act is not retroactive. Lazarus v. N. Y. Central R. R. Co., 278 Fed. 900. (5) The fact that plaintiffs may not have signed the express receipt is immaterial. They accepted it and used it and are bound by its terms, including fixing a period of limitations. American Ry. Express Co. v. Lindenberg, 260 U. S. 584. (6) The cases largely relied upon by respondents, to-wit, American Railway Express Company v. Commonwealth of Kentucky, 228 S. W. (Ky.) 433, and Peters v. American Railway Express Company, 256 S. W. (K. C. Ct. of App.) 100, are not binding upon this court and are not in accord with the rulings of this court or fundamental principles. (7) The court erred in admitting incompetent evidence materially prejudicial to defendant's rights. Insurance Co. v. Guardiola, 129 U. S. 642; Collins v. Hoover, 218 S. W. 940; Hay v. Fire Clay Co., 179 Mo. App. 567; Freeborn v. Smith, 69 U. S. 160. (8) Plaintiffs failed to prove by competent or legal evidence that the goods sued for were never received by consignee or that they had not received compensation therefor from consignee. (9) To permit this judgment to stand would be taking defendant's property without due process of law, and therefore violative of the Fourteenth Amendment to the Constitution of the United States and violative of section 20, Article 2 of the Constitution of the State of Missouri. Ellis v. Davis, 260 U. S. 682; McAlister v. Amer. Ry. Express Co., 103 S. E. 129; Powell v. Railroad, 42 Mo. 63; Lazazus v. N. Y. Central R. R., 278 Fed. 900; American Ry. Express Co. v. Levee, 263 U. S. 19.

*Spradling & Dalton* for respondents.

(1) A prima-facie case is made by showing a delivery in good condition to the carrier and failure to deliver at destination. Cuddahy v. Railroad, 193 Mo. App. 527; Collins v. Railway, 181 Mo. App. 213; Yantz v. Railway, 174 Mo. App. 482; Dean v. Railway, 148 Mo. App. 428. (2) As to inanimate freight the carrier is an insurer against all perils, excepting only the act of God, the public enemy and the negligence of the shipper. Cunningham v. Railroad, 167 Mo. App. 273; Trumming v. Railroad, 165 Mo. App. 350; Creel v. Railroad, 137 Mo. App. 27; Creamery Company v. Railroad, 128 Mo. App. 420. (3) The appellant in this case is liable for the claims against the Wells Fargo & Company Express. Where one corporation takes over all the tangible assets and properties of another, and issues shares of stock in sole payment therefor, it takes the same subject to the debts and liabilities of the old corporation in a sum equal to the value of the assets taken. Peters v. Express Company, 256 S. W. 100, 101; Commonwealth v. Express Co., 228 S. W. 433; Sweeney v. Mining Company, 194 Mo. App. 140; Altoona v. Gas & Oil Co., 26 L. R. A. (N.

S.) 651; Jennings v. Ice Company, 47 L. R. A. (N. S.) 1058; Grenell
v. Gas Company, 70 N. W. 413.   (4)   When one corporation takes
over the business of another and succeeds it in its franchises and
property, it is the same entity under another name and liable at law
for the debts of the other.   Zachra v. Mfg. Co., 179 Mo. App. 683;
Quinn v. Assurance Co., 183 Mo. App. 8; Sweeney v. Minning Co.,
194 Mo. App. 140.   (5)   The shipment was delivered to the Wells
Fargo & Company Express on the 20th day of December, 1917, and
the Wells Fargo & Company Express retired from business in this
State on the 30th day of June, 1918, surrendered its license to do
business, closed its offices, discharged its officers and made it impos-
sible to secure service of process on it either *in personam* or *in rem*.
The fact that the Wells Fargo & Company Express left the State
after a cause of action had accrued against it prevented the running of
the limitation provided in section 7 of the Uniform Express Receipt
from the time it left the State.   Sec. 1326, R. S. 1919; Sauter v. Leve-
ridge, 103 Mo. 615; Laughlin v. Laughlin, 237 S. W. 1024; Johnson v.
Smith, 43 Mo. 499; Cook v. Holmes, 29 Mo. 61; State ex rel. v. Allen,
132 Mo. App. 98; Cobb v. Houston, 117 Mo. App. 645; 3 Elliott on
Contracts, sec. 2669.   (6)   The words person and resident in sec.
1326, R. S. 1919, may refer to and include corporation.   Sec. 7055,
R. S. 1919.   (7)   The Wells Fargo & Company Express disposed of
all its business, property and assets to appellants on the 20th day of
June, 1918, but appellant did not receive a license to do business in
this State until the first day of August, 1918.   The appellant was a
foreign corporation and did not comply with sections 9790, 9791, R.
S. 1919, and was not legally in the State until a license was issued to it
by the Secretary of the State.   Secs. 9790, 9791, R. S. 1919; Zinc &
Lead Company v. Zinc Mining Co., 221 Mo. 7; Park Davis Company
v. Mullett, 245 Mo. 168; Bank v. Leeper, 121 Mo. App. 688.   (8)
Assuming, for the sake of argument, that appellant had a right to in-
terpose the limitation in paragraph 7 of the Uniform Express Re-
ceipts issued to the Wells Fargo & Company Express, still, respon-
dents contend that this action against appellant is not barred by the
contract.

BECKER, J.—Plaintiff below brought suit for damages for the al-
leged loss of twenty-two barrels of poultry shipped by it through the
Wells-Fargo & Company Express on the 20th day of December, 1917,
from Delta, Missouri, to Chicago, Illinois.

The petition is based upon the alleged failure to deliver the poultry
at destination, and the American Railway Express Company is made
defendant upon the allegation that all of the tangible assets and prop-
erties of the Wells-Fargo & Company Express had been taken over
by it upon the sole consideration of certain shares of stock of the

defendant, American Railway Express Company, and that thereby the defendant took the assets of the Wells-Fargo & Company Express subject to the debts and liabilities of said corporation in a sum equal to the value of the assets taken.

From a judgment resulting in favor of plaintiff for the full amount sued for the defendant in due course appeals.

The defendant's answer contained a general denial and set up that the plaintiff was barred by the terms and conditions of the contract of shipment made with the Wells-Fargo & Company Express, which among other things contained the express condition that the carrier would not be liable to the plaintiff for the non-delivery of the said shipment unless the plaintiff brought suit therefor within two years and one day after a reasonable time for the delivery of said shipment had elapsed; that the date of shipment was December 20, 1917, and that the reasonable time for the delivery of said shipment had elapsed on January 1, 1918, and that plaintiff's action was not filed until January 15, 1920, more than two years and a day and a reasonable time for the delivery after the said shipment of December 20, 1917; and the answer further set up the defense that the defendant is not liable for any claims against the Wells-Fargo & Company Express, and that it has not assumed the obligations thereof.

There is no real controversy but that twenty-two barrels of poultry were delivered by plaintiff to, and accepted by the Wells-Fargo & Company Express at Delta, Missouri, on December 20, 1917, for shipment to Chicago, Illinois. There was sufficient testimony adduced on behalf of the plaintiff to submit the issue to the jury as to whether any of the twenty-two barrels of poultry were delivered at destination.

On February 15, 1918, plaintiff sent the claim for loss of the shipment to W. R. Buckmaster, claim agent of the Wells-Fargo & Company Express at St. Louis and continued to press settlement for this claim, as is evidenced by various letters passing between plaintiff and the said claim agent. A letter dated January 30, 1919, from said claim agent to plaintiff, which letter was written on stationery of the American Railway Express Company, acknowledged receipt of plaintiff's registered letter of January 27th addressed to H. L. Bigelow, one of the claim agents of the American Railway Express Company, in which letter plaintiffs state that unless they receive settlement for the claim within five days they would file suit thereon. In this letter of January 30, 1919, liability is admitted for the failure to deliver fourteen of the twenty-two barrels of poultry, but also asserts that the remaining eight barrels had been delivered and plaintiffs received payment therefor from the consignee. Plaintiffs thereupon filed suit on January 15, 1920, two years and twenty-six days after the date of delivery of the shipment to the Wells-Fargo & Company Express.

It is conceded that the Wells-Fargo & Company Express ceased to do business as a common carrier in the State of Missouri at midnight June 30, 1918, having conveyed its express business to the American Railway Express Company, a corporation organized under the laws of the State of Deleware, at the instance and direction of the Director of Railroads as a war measure to facilitate the handling of express business in the United States; that the consideration for the conveyance by the Wells-Fargo & Company Express of its transportation equipment was the issuance to it as a corporation of some ten million dollars of stock of the American Railway Express Company; that this stock was issued direct to the Wells-Fargo & Company Express, and that no stock was issued to its stockholders; that the amount of the stock issued was equal at par value to the actual depreciated book value of the property of the Wells-Fargo & Company Express which was transferred to the American Railway Express Company; that the Wells-Fargo & Company Express was not dissolved but continued in existence.

The record further discloses that the Wells-Fargo & Company Express was not and is not insolvent and that the transfer of its tangible properties was not made for the purpose or with the intent of defrauding any of its creditors, but that the transfer was made in good faith.

It is defendant's contention here that the American Railway Express Company is not liable to plaintiffs for any cause of action that they may have had against the Wells-Fargo & Company Express. This same question has recently been presented to the Kansas City Court of Appeals where in a carefully considered opinion that court decided the point adversely to the defendant, and we are of the opinion that the result arrived at by the Kansas City Court of Appeals upon this question is correct and we accordingly rule this point against defendant. [See Peters v. Amer. Ry. Ex. Co., 256 S. W. 100, and cases therein cited. See, also, Amer. Ry. Exp. Co. v. Commonwealth (Ky.), 228 S. W. 433; Sweeney v. Mining Co., 194 Mo. App. 140, 186 S. W. 739.]

The second reason urged by defendant for the reversal of this case is that the suit was not instituted within two years and a day after a reasonable time for delivery of the shipment, as provided for in the Uniform Express Receipt, which in this instance is the contract of carriage. This point is well taken.

The record discloses that the plaintiffs did not file their action below until two years and twenty-six days after December 20, 1917, which was the date when the shipment was delivered to the Wells-Fargo & Company Express and that two to four days was a reasonable time for delivery of the shipment in question. The record further discloses that when the Wells-Fargo & Company Express ceased doing business in the State of Missouri at midnight on June 30, 1918, all of

its offices, express equipment, officers and employees were taken over by the American Railway Express Company and the business theretofore done by said Wells-Fargo & Company Express from that time on was conducted by the American Railway Express Company, yet plaintiffs contend that despite this state of the record, since the Wells-Fargo & Company Express went out of business on June 30, 1918, and the American Railway Express Company, a foreign corporation, did not comply with sections 9791-2, Revised Statutes of Missouri, 1919, and obtain its license to do business in this State until the first day of August, 1918, that therefore, in light of section 1326, Revised Statutes of Missouri, 1919, from midnight June 30, 1918, the admitted date on which the Wells-Fargo & Company Express retired from business in the State of Missouri, until the first day of August, 1918, when said American Railway Express Company complied with the requirements of said sections 9391-2, there was no one upon whom service could have been legally had by plaintiffs against either the Wells-Fargo & Company Express or the American Railway Express Company, and therefore the running of limitations provided for in the Uniform Express Receipt was arrested from midnight June 30, 1918, until the first day of August, 1918, when the American Railway Express Company, as a foreign corporation, duly obtained its certificate and license to do business in the State of Missouri, and that deducting this time, namely, thirty-one days, from the period intervening from the time the cause of action accrued to the date of the filing of plaintiffs' petition, plaintiffs did in fact file their action within the time required by said contract of carriage. To this we cannot accede.

Plaintiffs' action is based upon an interstate shipment and therefore the said sections 9791-2, Revised Statutes of Missouri, 1919, here sought to be relied on by plaintiffs, are unavailing and inapplicable. [Chouse Engine & Mfg. Co. v. Apartment Co., 154 Mo. App. 139, 133 S. W. 624; Corn Products Co. v. Supply Co., 156 Mo. App. 110, 1. c. 116, 135 S. W. 985; Rodgers v. Foundry Co., 167 Mo. App. 228, 1. c. 244-48, 150 S. W. 100; German-American Bank v. Smith, 202 Mo. App. 133, 1. c. 154, 208 S. W. 878.] Furthermore since the record before us discloses that at midnight June 30, 1918, the American Express Company took over all of the offices, express equipment, officers and employees of the Wells-Fargo & Company Express and continued without interruption the express business that theretofore had been done by the said Wells-Fargo & Company Express, section 1186, Revised Statutes of Missouri, 1919, afforded an adequate and effective method of service of summons on the defendant, American Railway Express Company, since that section, among other things, provides that a summons shall be executed, ". . . where the defendant is a corporation or joint stock com-

pany, organized under the laws of any other State or country, and having an office and doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee, in any county where such service may be obtained, and when had in conformity with this subdivision shall be deemed personal service against such corporation and authorize the rendition of a general judgment against it.'' We accordingly rule that plaintiffs, upon the record before us, at all times could have had service, either upon the Wells-Fargo & Company Express or the American Railway Express Company (State ex rel. Texas Portland Cement Co. v. Sale, 232 Mo. 166, 132 S. W. 1192; Nathan v. Planters' Cotton Oil Co., 187 Mo. App. 560, 174 S. W. 126, and cases therein cited. See, also, State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S. W. 980) and that since the time of limitation, namely, two years and a day after reasonable time for delivery of the shipment in question had elapsed, as required in the Uniform Express Receipt under which the shipment was made, must be held to be a reasonable limitation (M. K. & T. Ry. Co. v. Harriman, 227 U. S. 657; Ellis v. Davis, 260 U. S. 682) we rule that plaintiffs failed to institute their suit within the agreed limitation. It follows that the judgment should be reversed. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.