WALTERS *v.* CURTIS CANDY Co.

(Division A. March 4, 1935.)

[159 So. 560. No. 31577.]

188

Hall & Hall, of Columbia, for appellant.

**Henry Mounger** and **Rawls & Hathorn,** all of Columbia, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment sustaining a plea to the jurisdiction of the circuit court of Marion county, Miss., in a cause filed therein by the appellant.

The declaration seeks to recover damages alleged to have been sustained by the appellant by reason of a breach of an implied warranty by appellee in the manufacture and sale of candy. It was alleged that the appellee is a corporation organized and existing under the laws of the state of Illinois, with its home office in the city of Chicago; that at the time the cause of action accrued in this state, the appellee was authorized to transact business in this state, and A. Y. Harper, of Jackson, Miss., was its designated agent for the service of process; that on and prior to July 5, 1932, the appellee was engaged in the manufacture of candy for human consumption; that it manufactured, prepared, and placed on the market for sale to wholesale merchants and distributors, and resale to retail merchants, a certain lot of candy known as "Baby Ruth Candy;" and that this candy ultimately became a part of the stock of merchandise of a retail merchant at Columbia, Miss.

It was further alleged that by the act of manufacturing and preparing said lot of candy to be sold, the appellee warranted the safety, purity, and fitness thereof for that purpose, which warranty extended to any consumer thereof; that relying on this warranty the appellant acquired a bar of said candy from said retail merchant at Columbia, and consumed same. It was further alleged that in manufacturing and placing said bar of candy on the market, appellee breached its said warranty of purity and fitness for human consumption, by leaving mixed and mingled with the contents of said bar of candy a quantity of small particles of glass, which rendered it wholly unfit for human consumption, and that as a result of the appellant eating and consuming a portion of said bar of candy he suffered serious and permanent physical injury.

Service of process was had on A. Y. Harper as the resident agent of the appellee, and thereafter it appeared specially and filed a plea to the jurisdiction of the court, alleging as a basis thereof, in substance, that it is a

foreign corporation organized and existing under the laws of the state of Illinois; that it had never done business in Marion county, Miss., and had done no business in the state of Mississippi of any kind or character, corporate or otherwise, since prior to February 10, 1933. It was alleged that during the year 1928, it qualified to do business in the state of Mississippi in the way and manner prescribed by law, and appointed A. Y. Harper as its statutory agent for the service of process; that on February 10, 1933, it ceased to do business in this state and finally withdrew therefrom; that on that date it secured from the State Tax Commission a certificate that it had paid all taxes due by it to the state of Mississippi, and was authorized to withdraw from the state, and also filed with the secretary of state of Mississippi a formal notice of withdrawal from the state, and a cancellation of the appointment of A. Y. Harper as its statutory agent. That thereafter, the board of directors of said corporation formally ratified and confirmed the action of its president and secretary in withdrawing from the state of Mississippi, and cancelling its appointment of an agent for the service of process, and that said agent also filed with the secretary of state his resignation as such agent.

To this plea, the appellant filed a replication alleging the facts to be that the cause of action occurred and accrued in Marion county, Miss., on July 5, 1932, as alleged in the declaration, that at that time the appellee was authorized to transact business in this state, and was then doing business in this state; that A. Y. Harper was then duly designated agent for the service of process; that no other resident agent was appointed after the attempted cancellation of the appoinment of said Harper; that the attempted cancellation of such appointment and the attempted withdrawal from the state were void in so far as the same might effect the right of the appellant to institute his suit in Marion county, Miss.; and that

since said Harper represented the appellee in this state at the time the cause of action accrued, it could not escape liability from suit in this state for the wrongs committed by it while engaged in business herein, by attempting to withdraw from the state, and attempting to leave no person in this state upon whom process might be served. The replication also averred that the appellee had notice of this cause of action prior to its attempted withdrawal from Mississippi, and prior to its attempted cancellation of the appointment of its resident agent.

Upon these pleadings the cause was submitted to the court upon an agreed statement of facts, from which it appears that the appellee was and is a foreign corporation organized and existing under the laws of Illinois, with its domicile in the city of Chicago; that during 1928 it qualified to do business in Mississippi, and appointed A. Y. Harper as its resident agent, and remained so qualified until February 10, 1933, when it withdrew from this state in the manner set forth in its plea. It was further agreed that the cause of action alleged in the declaration occurred and accrued, if at all, in Marion county, Miss., on July 5, 1932, and that at that time the appellee was duly qualified to do, and was doing business in Mississippi, and that process was served on A. Y. Harper on August 15, 1934. The court sustained the appellee's plea to the jurisdiction of the court, and from the judgment so ordering, this appeal was prosecuted.

Section 4166, Code 1930, provides that: "Any corporation claiming existence under the laws of any other state or of any other country foreign to the United States, found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are, whether the cause of action accrued in this state or not."

Section 4140, Code 1930, provides in part as follows: "Every foreign corporation doing business in the state of Mississippi, whether it has been domesticated or simply

authorized to do business within the state of Mississippi, shall file a written power of attorney designating the secretary of the state or in lieu thereof an agent as above provided in this section, upon whom service of process may be had in the event of any suit against said corporation; and any foreign corporation doing business in the state of Mississippi shall file such power of attorney before it shall be domesticated or authorized to do business in this state, and the secretary of state shall be allowed such fees therefor as is herein provided for designating resident agents. Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state.''

The great weight of authority supports the view that where a foreign corporation is duly authorized to do business in a state, and has appointed a resident agent for the service of process, the withdrawal of the corporation from the state does not revoke the authority of the agent to receive service, and does not deprive the courts of that state of jurisdiction in an action on a liability arising in the state out of business done by the foreign corporation therein. And in so far as insurance companies admitted to do business in this state are concerned our statute, section 5165, Code 1930, expressly provides that the authority of the statutory agent shall continue in force irrevocable so long as any liability of the company remains outstanding in this state.

For the purpose of this decision only, we will assume that the rule as above stated would be followed in this state, and that as to any liability connected with, arising out of, or having a basis in, any business done in this state, an attempted withdrawal would be ineffectual, but, if so, we think it should be limited to that character of actions, and that it would have no application where it is not made to appear that the alleged liability was in some way incident to or connected with business done in

this state. As to any liability not incident to or connected with business done in this state, the withdrawal from the state and revocation of the authority of the agent would be effectual, and the rights of the foreign corporation would be the same as if it had never entered the state to do business.

In the case at bar, the nature and character of the business done in this state, during the period the appellee was authorized to do business here, in no way appears in the pleadings, and it is not made to appear that the purchase and sale of the alleged defective candy was in any way incident to or connected with the business done in this state, or that the alleged liability to the appellant grew out of or was ever connected with any business done by the appellee in this state. In so far as the record discloses, the sale of the candy in question may have been solely in interstate commerce between foreign corporations, and the retail merchant who delivered the candy to the appellant, and, upon these facts, we think the court below committed no error in sustaining the appellee's plea to the jurisdiction of the court.

Affirmed.