St. Louis Wire-Mill Co. *v.* Consolidated Barb-Wire Co. and others.

*(Circuit Court, E. D. Missouri, E. D.* November 9, 1887.)

1. COURTS—JURISDICTION—RESIDENCE OF CORPORATION.
Under Rev. St. U. S. § 739, providing, in substance, that no civil suit shall be brought against a citizen of the United States in any other district than that of which he is an inhabitant, "or in which he is found at the time of serving the writ," it is always for the federal court to determine whether a non-resident corporation sued therein has transacted business to such an extent within the district, and has such a representative or agent therein, that jurisdiction to render a personal judgment against the corporation may be acquired by service on that agent.

2. SAME.
A manufacturing corporation of Kansas, having its chief office in that state, was accustomed to make occasional purchases of raw material, either by correspondence or by sending an agent there for that purpose, at St. Louis; but it never had a business office in Missouri, nor did it maintain an agent in the state. It was sued in the federal courts in Missouri, and service had upon its general manager, while he was in St. Louis on a pleasure trip. *Held,* that the corporation was not "doing business" in Missouri, and that the service was insufficient to support a personal judgment against it, notwithstanding Rev. St. Mo. § 3489, providing that, when a non-resident corporation has no office or place of business within the state, summons may be served upon any "officer, agent, or employe in any county where service may be obtained."

At Law. On plea to jurisdiction.
*Leo Rassieur* and *Dexter Tiffany,* for plaintiff.
*Torrey & Givan,* for defendant.

THAYER, J., (*orally.*) The case of the St. Louis Wire-Mill Company against the Consolidated Barb-Wire Company comes before the court on a plea to the jurisdiction and upon the testimony offered in support of and in opposition to that plea. The plea to the jurisdiction filed by the defendant, a foreign corporation, raises the question of the suffi-

ciency of the service to bring the corporation within the jurisdiction of this court. Service was had upon a person by the name of A. A. Henley, who is described in the return as "secretary and agent of the defendant corporation," and it was had under section 3489 of the Revised Statutes of Missouri, which provides "that a summons shall be executed where the defendant is a corporation or a joint-stock company organized under the laws of any other state or country, and having an office or place of doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or, if it have no office or place of business, then to any officer, agent, or employe in any county where such service may be obtained."

The testimony shows that the defendant corporation, created by the laws of Kansas, has its chief office or place of business at Lawrence, Kansas; that it has never had a business office in the state of Missouri, and has not maintained an agent in this state for the transaction of any business. It appears that it has made occasional purchases of plain wire in the city of St. Louis, either by correspondence or by sending an agent here for that purpose. It also appears that in December, 1885, A. A. Henley, who was served with process in this case, purchased of this plaintiff, in the city of St. Louis, about 500 tons of wire. Subsequently a controversy arose as to the terms of purchase. That controversy remained open and unadjusted until after the sixth of October, 1886, at which time Henley and his wife, as the testimony shows, came to this city for the purpose of attending the St. Louis fair. While here he was called upon at his hotel by the secretary of the plaintiff who had in view an adjustment of the old account. Some conversation was had on that subject. The parties failing to agree, the secretary of the plaintiff and Mr. Henley proceeded to the office of the Southern Wire Company to confer with other officers of the plaintiff corporation with respect to a settlement. Further conversation took place on the subject at the office of the Southern Wire Company; but it resulted in the parties failing to come to any understanding. While at the office of the Southern Wire Company, Henley, it appears, asked the officers of that company to give him a quotation upon 500 tons of plain wire, as if he desired to make such a purchase. No quotation was given him, however, and no purchase was made. After Henley left the office of the Southern Wire Company, and within a few hours, he was served with process in this suit as being an agent of the defendant. This is a sufficient statement of the facts in the case for the purposes of the present decision.

Chief Justice WAITE remarked, in *Railroad Co.* v. *Koontz*, 104 U. S. 10: "It is now well settled that a corporation of one state, doing business in another, is suable where its business is done if the laws make provision to that effect." And in the case of the *Insurance Co.* v. *Woodruff*, 111 U. S. 146, 4 Sup. Ct. Rep. 364, it was said by Justice BLATCHFORD "that a corporation of one state doing business in another is suable in the courts of the United States established in the latter state, if the laws of that state so provide, and in the manner provided by those laws;"

citing the cases of *Insurance Co.* v. *French*, 18 How. 404; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Ex parte Shollenberger*, 96 U. S. 369; and *Railroad Co.* v. *Koontz*, 104 U. S. 10. Notwithstanding these decisions, it cannot be assumed that any mode of service upon a foreign corporation, that may be prescribed by the statutes of a state, or that such service as is held to be sufficient by the state courts, will always be deemed sufficient service in the courts of the United States located within such state or elsewhere. Under section 739 of the Revised Statutes of the United States, it is provided, in substance, that no civil suit shall be brought against a citizen of the United States in any other district than that of which he is an inhabitant, "or in which he is found at the time of serving the writ." It will always be a question, therefore, for the federal courts to determine under what circumstances a foreign corporation may be said to be found within a given district; that is to say, they must determine whether such corporation has transacted business to such an extent within the district, and has such a representative or agent therein, that jurisdiction to render a personal judgment against the corporation may be acquired by service on that agent. What is here said has reference, of course, to ordinary foreign business corporations, other than foreign insurance companies who have been required as a condition of doing business in a foreign state to appoint an agent therein on whom processes may be served.

In the case of *St. Clair* v. *Cox*, 106 U. S. 359, 1 Sup. Ct. Rep. 354, it was held to be essential to the validity of service on a foreign corporation, by delivering a writ to one of its agents, that the corporation should at least be engaged in business within the state where served, and that the agent on whom the service is had should, at the time of service, be within the state in an official capacity; that is to say, engaged in the business of his principal. In the same case it was apparently held that valid service cannot be obtained unless the agent upon whom the writ is served stands in a representative character to the company; that a service had upon a subordinate employe, or upon an agent employed in a particular transaction, would not be valid. This latter ruling, however, has no bearing upon the case at bar, as the service in the present instance was had on the manager of the defendant corporation, although he is described in the return as being merely "secretary and agent." There can be no doubt of the fact that he stood in the capacity of representative of the company, if he was in this state on the company's business, and the company was transacting business in this state within the meaning of the decisions.

In the case of the *Good Hope Co.* v. *Railway Barb Fencing Co.*, 22 Fed. Rep. 635, it was held by the circuit court of the United States for the Southern district of New York that a foreign corporation was not engaged in business in the state of New York for the purpose of authorizing suits against it in the federal court,—it appearing that the corporation in question had only made occasional purchases of goods in the city of New York, by sending an agent for that purpose, and had maintained no office within the state, or transacted other business therein.

The question as to what sort of business transactions by a foreign corporation within a state will justify the finding that it is engaged in business therein, and validate a service of process had upon its agent, was also elaborately considered in the case of *U. S.* v. *Telephone Co.*, by Judge JACKSON, reported in 29 Fed. Rep. 37–41. It was there held that a corporation must transact within the state some substantial part of its ordinary business through an agent appointed for that purpose. According to the rule announced in that case, it is clear that if a corporation merely makes an occasional purchase of goods in a foreign state, but neither keeps an office or maintains an agent therein for the transaction of its business, it cannot be said "to be engaged in business in such state," and for that reason service of process upon an officer or agent of a corporation found in such state will not be effectual, in the federal courts at least, to confer jurisdiction over the corporation.

Such seems to be the conclusion reached by all the federal courts that have thus far had occasion to consider the question as to what constitutes a carrying on of business within a state, and in that conclusion I concur. When it is said that a corporation is engaged in business in a foreign state, and for that reason has voluntarily subjected itself to the operation of the laws of such foreign state regulating the service of process on foreign corporations, reference is plainly had to business operations of the corporation carried on within the state through the medium of agents appointed for that purpose, *that are continuous, or at least of some duration*, and not to business transactions that are merely casual, such as an occasional purchase of goods or material within the foreign state. The result is that the service in the present case must be held insufficient to sustain a judgment against the corporation, because the corporation in question was not engaged in business in this state within the meaning of the various decisions of the supreme court on that subject.

There will be a judgment for the defendant on the plea to the jurisdiction.