PAINTER, Appellant, v. COLORADO SPRINGS & CRIPPLE CREEK DISTRICT RAILWAY COMPANY, Respondent.

**St. Louis Court of Appeals, October 22, 1907.**

1. **PROCESS: Foreign Corporations: Service on Agent.** Under the second clause of the fourth subdivision of section 570, Revised Statutes of 1899, process may be served upon a foreign corporation which has no office or place of business in this State by delivering a copy of the summons to an officer or employee engaged in transacting business for the corporation in this State.

2. ———: ———: ———. Where an agent of a foreign corporation which had no place of business in this State came to this State for the sole purpose of investigating a claim for damages against the corporation, service of process upon such agent would not confer jurisdiction upon the corporation; an agent must be engaged in this State in transacting some substantial part of the ordinary business of such foreign corporation in order that service of process upon him may confer jurisdiction upon the corporation.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Claude R. Ball* for appellant.

(1) The question involved in this case being one of jurisdiction only, the record shows clearly the question to be decided, as the sheriff's return is conclusive on both parties, and affidavits filed in support of defendants plea cannot be considered. Hollowell v. Page, 24 Mo. 1; Newcomb v. Railroad, 182 Mo. 704. (2) The return or the amended return of the sheriff, is in our opinion sustained by both this court and the Supreme Court. Supply Co. v. Cotton Oil Co., 103 Mo. App. 94.

*Robertson & Robertson* for respondent.

The courts of this State have no jurisdiction over a foreign corporation not doing business within the

State and the defendant's plea to the jurisdiction was properly sustained. Supply Co. v. Oil Co., 103 Mo. App. 94; Thomasson v. Insurance Co., 114 Mo. App. 109; Newcomb v. Railroad, 182 Mo. 688; Conley v. Alkali Works, 190 U. S. 406, 47 Law. Ed. 1113; Geer v. Alkali Works, 190 U. S. 428, 47 Law. Ed. 1122; Fitzgerald Co. v. Fitzgerald, 137 U. S. 98, 34 Law. Ed. 608; St. Louis W. M. Co. v. Consolidated D. W. Co., 32 Fed. 802.

BLAND, P. J.—Plaintiff's amended petition contains the following:

"Now comes the plaintiff in the above-entitled cause, leave of court first had and obtained, and files this her first amended petition.

"Plaintiff states that the defendant is a corporation, duly and legally incorporated, and operates a railroad existing from Cripple Creek, Colorado, to or near Canon City in the State of Colorado, on which line of railroad there is a station of defendant called Midway; that defendant so owned and operated its said railroad on the ninth day of October, 1906, and at all times hereinafter stated in this petition."

Plaintiff then states that while riding as a passenger on said railroad in the State of Colorado, near said Midway Station, a collision occurred by which plaintiff was injured.

Attempted service was had in Montgomery county, Missouri, on the eighteenth day of April, 1907. The amended return of the sheriff is as follows:

"Now comes George E. Earnest, sheriff of Montgomery county, Missouri, with leave of court first had and obtained, and files his amended return as follows:

"Executed the within writ in the county of Montgomery and State of Missouri on the eighteenth day of April, 1907, by delivering a copy of the writ and petition as furnished by Everett Barton, clerk of the

circuit court, to D. C. Scott, agent and employee of the Colorado Springs & Cripple Creek District Railway Company, the within named defendant. The Colorado Springs & Cripple Creek District Railway Company, the within named defendant, had no office or place of business in Montgomery County, Missouri, nor in the State of Missouri at which the writ could be served and the president or any other high chief officer of said defendant could not be found in Montgomery county at the time of said service."

Defendant's plea to the jurisdiction and motion to dismiss is as follows:

"Now comes the defendant herein and for the purpose of this motion only, denies that the court has or can have any jurisdiction of the defendant in this cause, and moves to quash the writ issued herein for the reason that it appears upon the face of the petition that the defendant is a corporation, organized, existing and operating solely within the State of Colorado, and is not operating its railroad and never did within the State of Missouri, and that neither has it an office in the State of Missouri, neither does it transact any business in the State of Missouri and has never entered the State of Missouri for the purpose of transacting any of its business, nor neither has the defendant an office, chief or otherwise in this State, or any agent or officer in charge of any office in this State, nor has it any agent in this State, nor has it ever had any agent or office in this State for the transaction of its business.

"2.    Defendant further moves to quash the return of the sheriff herein, for the reason that it is not sufficient to show that the said circuit court of Montgomery county or any other court in Missouri has jurisdiction over the defendant, and for the reason that it does not show that defendant has an office or is doing business in this State.

"3.    For the reason that it is shown that the de-

fendant is not engaged in business in this State, and was not so engaged at the date of the service herein, and the defendant prays the court to dismiss plaintiff's petition for want of jurisdiction."

In support of plaintiff's plea, the affidavit of J. H. Waters was filed, and is substantially as follows:

That for several years last past he has been the general manager of the defendant corporation and has control over the employment and discharge of all agents and employees of the company; that the company always has been and is now a corporation organized, existing and doing business under the laws of the State of Colorado, and it does not now and never did transact business at any other place than in the State of Colorado, and transacted no business directly or indirectly outside of the State of Colorado, and that it never had any business in the State of Missouri, or any place of business, agent, agency, or any property in the State of Missouri; that an attorney in Missouri by correspondence made a claim against the defendant on account of alleged personal injuries by the plaintiff and that for the purpose of investigating the scope of said injuries and the physical condition of the plaintiff and for no other purpose whatever, the defendant company sent the said D. C. Scott to Wellsville to make said investigation, and the said D. C. Scott went there for that purpose solely and is not and was not an officer nor agent of the defendant company and had no authority to receive or accept service of summons in any action against the defendant, and had no authority further than to investigate the physical condition of the said plaintiff and report the same to the attorneys for the defendant.

The affidavit of D. C. Scott is substantially as follows:

That while engaged at the request of the defendant investigating the physical condition of the plaintiff, and

while temporarily in Montgomery county, Missouri, the alleged service herein had upon him was attempted by the sheriff of Montgomery county.

The court sustained the plea to its jurisdiction and dismissed the action at plaintiff's cost. After an un-availing motion for new trial plaintiff appealed to this court. Plaintiff contends that the plea to the jurisdiction of the court and the affidavits in support thereof were a collateral attack upon the return of the sheriff to the summons issued in the cause and for that rea-son should have been rejected. We think the learned counsel for plaintiff is mistaken. The affidavits do not contradict the statement that D. C. Scott, to whom the summons was delivered as agent and employee of the defendant company, was in fact the agent and employee of the company, as stated in the return; nor do they deny the fact that service was had upon him; nor do they contradict the statement in the return, that de-fendant had no office or place of business in Montgomery county, Missouri, or in the State of Missouri, at which the writ could be served; nor do they deny the state-ment in the return, that the president or other chief officer of defendant could not be found in Montgomery county at the time of the service of the writ. The plea to the jurisdiction called the attention of the court to, and the affidavits put the court in possession of facts not contradictory of the return of the sheriff, but in strict harmony therewith, and were presented to the court for the purpose of showing that, admitting the truth of the return, still the court acquired no juris-diction over the person of defendant, and the question for decision is not that the return of the sheriff was false but, admitting it to be true, did it confer jurisdiction over the person of defendant? The question rests upon a proper construction of subdivision 4, section 570, Revised Statutes 1899, which reads as follows:

"Where defendant is a corporation or joint-stock

·company, organized under the laws of any other State or country, and having an officer or doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained, and when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it."

In McNichol v. United States Mercantile Reporting Agency, 74 Mo. 457, it was held, in an able and exhaustive opinion by Judge SHERWOOD, that service of summons upon a non-resident corporation, having an office or doing business in the State, by leaving the summons with the agent of the corporation in charge of the office or place of business of the corporation in the State, gave the court jurisdiction over the person of the corporation and authorized the rendition of a personal judgment against it. The petition alleges the defendant is a non-resident of the State, and the sheriff's return affirmatively states that defendant has no office in the State, but does not state that defendant was doing business in the State, therefore, if the return is sufficient to confer jurisdiction, it is so by reason of the provisions of the second clause of the fourth subdivision of the section. This clause does not expressly state that the officer, agent or employee upon whom service may be had shall be engaged in doing business in this State for the corporation. A private corporation, like a natural person, has a place of residence and like a natural person may transact business in States other than the one of its domicile, but unlike a natural person it does not, through its agents, officers or employees, carry its corpus about from place to place and from State to State for mere pleasure or recreation. Its functions

are to transact through officers, agents and employees, the business for which it was created. It is neither actually or constructively in a foreign State, nor subject to the laws thereof, save when it has an office or does business in such State; and the second clause of the fourth subdivision of the statute must be construed to mean, that where the foreign corporation to be served has no office in this State but has an officer, agent or employee engaged in transacting business for the corporation in this State, service may then be had on the corporation by delivering to such officer, agent or employee a copy of the summons. [Barber Asphalt Paving Co. v. Meservey, 103 Mo. App. 1. c. 197, 77 S. W. 137, and cases cited. See also Conley v. Mathieson Alkali Works, 190 U. S. 406.] But it is contended by plaintiff that D. C. Scott, on whom service was had as an agent of defendant corporation, was engaged in transacting business for the corporation in Montgomery county at the time the summons was delivered to him. The affidavit of Scott (conceded to be true) shows plaintiff had made a claim on defendant corporation for damages caused by the facts alleged in the petition, and that Scott, as agent of defendant company went to Montgomery county to investigate the claim, and while there making such investigation the summons was delivered to him. This contention is well answered by Judge THAYER in the case of St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co., 32 Fed. 1. c. 805, in the following language:

"The question as to what sort of business transactions by a foreign corporation within a State will justify the finding that it is engaged in business therein, and validate a service of process had upon its agent, was also elaborately considered in the case of United States v. Telephone Co., by Judge JACKSON, reported in 29 Fed. 37-41. It was there held that a corporation must transact within the State some substantial part

of its ordinary business through an agent appointed for that purpose. According to the rule announced in that case, it is clear that if a corporation merely makes an occasional purchase of goods in a foreign State, but neither keeps an office or maintains an agent therein for the transaction of its business, it cannot be said 'to be engaged in business in such State,' and for that reason service of process upon an officer or agent of a corporation found in such State will not be effectual, in the Federal courts at least, to confer jurisdiction over the corporation."

We think the plea to the jurisdiction of the court was properly sustained, and affirm the judgment. All concur.