R. D. NATHAN et al., Appellants, v. PLANTERS COTTON OIL COMPANY, Respondent.

Kansas City Court of Appeals, March 1, 1915.

1. FOREIGN CORPORATIONS: Service of Process: Non-resident Corporation. The fourth clause of Sec. 1760, R. S. Mo. 1909, providing a method by which service may be had upon a non-resident corporation or joint stock company refers only to one having an office or doing business in this State.

2. ———: ———: ———: Return. For service under this section to be valid, the return must affirmatively state the existence of every fact necessary to bring the service within the terms of the statute.

3. ———: ———: ———: Doing Business in the State. Where the officer of the foreign corporation, on whom the writ of summons in this State was served, was merely temporarily in this State, and was not transacting the ordinary and usual business of the corporation in this State, the service is void, since the corporation was not doing business in the State within the meaning of the statute.

4. APPELLATE PROCEDURE: Appeal. The right of appeal is purely statutory and unless the right is given by the statute it does not exist.

Nathan v. Oil Co.

5. ——————: ——————: **Bill of Exceptions.** Where no bill of exceptions was preserved, nothing can be considered on appeal except that which is shown by the record proper.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*T. J. Wise* and *J. W. Farrar* for appellants.

(1) Jurisdiction over defendant could be raised only by demurrer. Rev. Statute Mo. 1909, sec. 1800. (2) Sheriff's return sufficient and conforms to statutory requirements. Rev. Statutes Mo. 1909, sec. 1767; Stegall v. Pigmant, etc., 150 Mo. App. 283. (3) That defendant was not doing business in Missouri, a question of fact for jury to be raised by plea in abatement. Stegall v. Pigmant, etc., 150 Mo. App. 283; Audenried v. Mill Co., 127 Fed. 677.

*Robinson & Goodrich* for respondent.

(1) This case is not properly in this court. There was no final judgment in the case, and the order of the trial court from which plaintiffs appealed, is not an order from which an appeal will lie. The right to an appeal is purely statutory, and the statute does not cover an order of the kind involved in this case. Revised Statutes Mo. 1909, sec. 2038; Railroad v. Powell, 104 Mo. App. 362; Millar v. Transit Co., 216 Mo. 99. (2) There having been no bill of exceptions filed in this case, there is nothing before this court except the record proper. Carter v. Exposition Co., 124 Mo. App. 534; City of Tarkio v. Clark, 186 Mo. 293; Nickerson v. Peery, 163 Mo. 77; State v. Hicks, 160 Mo. 468; Drainage Dist. v. Campbell, 154 Mo. 160. (3) Recitals in the record proper do not preserve mere mat-

ters of exception.   Nickerson v. Perry, 163 Mo. 78, and cases there cited.

TRIMBLE, J.—On February 13, 1913, plaintiffs filed a petition in the circuit court of Jackson county, Missouri, against the Planters Cotton Oil Company and Citizens National Bank of Navasota, Texas. Under it, writs of summons and of attachment were duly issued. It seems that service was obtained on the Bank by attaching certain property owned by it and held by the Southwest National Bank of Commerce of Kansas City. On May 13 following, an amended petition was filed, and thereafter the said National Bank of Navasota, Texas, demurred thereto and was sustained.

Thereupon, on July 10, 1913, plaintiffs filed a second amended petition against the Planters Cotton Oil Company alone.   In this petition it was alleged that the defendant is a "non-resident of the State of Missouri, and is a citizen and resident of the State of Texas; that said defendant is a corporation organized and existing in virtue of law."

Whatever service was had as to the Planters Cotton Oil Company appears from the following return of the sheriff: "Executed this writ in Jackson county, Missouri, on the 28th day of February, 1913, by delivering a copy of this writ, together with a copy of the petition hereto attached, to J. L. Berryman, general manager of the within named defendant corporation, Planters Cotton Oil Company; said corporation being a non-resident of the State of Missouri, and having no office or place of business in Jackson county, or within the State of Missouri, or place of business within the State of Missouri where service could be made; during the absence of the president or other chief officer from Jackson county, Missouri."

The defendant appeared specially and solely for the purpose of raising the question of the jurisdiction of the court over the defendant and filed a plea to the

jurisdiction, which plea the court sustained but made no order dismissing the case. Thereupon plaintiffs appealed.

It is exceedingly doubtful whether plaintiffs have a right of appeal from the order made since it does not seem to have been "a final judgment in the case." The right of appeal is purely statutory, and unless section 2038, Revised Statutes 1909 gives such right, plaintiffs have no standing in this court. [Arkansas etc. R. Co. v. Powell, 104 Mo. 362; Millar v. St. Louis Transit Co., 216 Mo. 99.] On the theory, however, that the order sustaining the plea to the jurisdiction is practically and in effect a dismissal of plaintiffs' petition, we have concluded to treat the case as if plaintiffs' right to appeal is unquestioned.

Proceeding, therefore, to consider the propriety of the trial court's ruling, it will be noticed that the record shows the defendant is a non-resident corporation having no office or place of business in Missouri, and the sheriff's return carefully refrains from stating that the corporation is doing business in the State at the time of the alleged service. At least the return is silent on that subject whether intentionally so or not.

The fourth clause of section 1760, Revised Statutes 1909, providing for service upon a foreign corporation says, "where defendant is a corporation or joint stock company, organized under the laws of any other State or country, and having an office *or doing business in this State,* by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained, and when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it." It is

thus apparent that the foreign corporation upon which service may be obtained by virtue of this section is one "having an office or doing business in this State." And it is equally apparent that for service under this section to be valid, the return must affirmatively state the existence of every fact necessary to bring the service within the terms of the statute. [State ex rel. v. Sale, 232 Mo. 166; Vickery v. Omaha Kansas City and Eastern R. Co., 93 Mo. App. 1; Newcomb v. New York etc. R. Co., 182 Mo. 687; Gamasche v. Smythe, 60 Mo. App. 61.]

But, aside from the question whether the return is itself insufficient because it fails to state that the defendant was doing business in the State at the time of the alleged service, it is silent on that subject and is, therefore, not conclusive upon defendant. And even on the theory that the return is good until defendant shows that it is not doing business in the State, we must assume that the court had evidence before it which justified the sustaining of the plea. There was no bill of exceptions filed whereby this evidence was preserved. But since the court sustained the plea, we must presume that the evidence was sufficient for that purpose. On this view we can assume that Berryman, on whom the writ was served, was merely temporarily in the State and was not transacting the ordinary and usual business of defenant in this State, or was not transacting any business whatever or that was in any way connected with the defendant. If such be the facts, then the action of the trial court can be sustained on the authority of Painter v. Colorado Springs etc. R. Co., 127 Mo. App. 248, wherein the precise point here under discussion was passed upon by the St. Louis Court of Appeals through an opinion by Judge BLAND.

Other points raised by appellants cannot be considered for the reason that no notice can be taken of the facts on which they are based because not preserved

in a bill of exceptions. However, if they were, we do not think they would result in a different disposition of the case.

For the reasons assigned, the judgment of the trial court must be affirmed. It is so ordered. All concur.