STATE OF MISSOURI AT THE RELATION OF MILLS AUTOMATIC MER-
CHANDISING CORPORATION, A CORPORATION, RELATOR, v. HONORABLE
GRANVILLE HOGAN, JUDGE OF DIVISION No. 1 OF THE CIRCUIT
COURT, CITY OF ST. LOUIS, MISSOURI, RESPONDENT.—103 S. W.
(2d) 495.

St. Louis Court of Appeals.   Opinion filed April 6, 1937.

*Reardon & Lyng* and *John H. Martin* for respondent.

292

*Lashly, Lashly & Miller* for plaintiff-relator.

BENNICK, C.—This case, which comes to the writer on reassignment, is an original proceeding in prohibition which was instituted in this court at the relation of Mills Automatic Merchandising Corporation, one of the defendants in a cause now pending in the Circuit Court of the City of St. Louis.

The sole issue in the case is that of whether the sheriff's return to the writ of summons is sufficient on its face to show valid service upon relator, a foreign corporation, so as to have subjected it to the jurisdiction of the local court.

The manner in which a summons shall be served upon a foreign corporation is provided for by the fourth subdivision of section 728, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 728, p. 947), which is as follows:

"Where the defendant is a corporation . . . organized under the laws of any other state or country, and having an office and doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation . . . in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained and when had in con-

formity with this subdivision, shall be deemed personal service against such corporation and authorize the rendition of a general judgment against it.''

In the case in question the return of the sheriff was in the following form:

''Served the within writ in the city of St. Louis, Missouri, on the within named defendant, Mills Automatic Merchandising Corporation (a foreign corporation), this 11th day of July, 1935, by delivering a copy of the writ and petition as furnished by the clerk to Arthur F. MacGuire (agent of said defendant corporation), having their headquarters outside of the State of Missouri, and having no usual place of business or office in the city of St. Louis, Missouri.''

On the return day relator filed an unavailing motion to quash said return of the sheriff upon the ground that the same was insufficient on its face to show valid service of summons in that it contained no recital that relator was ''doing business in this state'' at the time of such service, or that service was had upon an agent of relator while engaged in the transaction of business for relator in this State.

It is not claimed or suggested that the return was in anywise insufficient or incomplete in any other respect, and in undertaking to determine the question of whether the court has rightly assumed jurisdiction over the person of relator we shall consequently limit our consideration of the case to the one and only ground of objection upon which the motion to quash the return was predicated.

The question of whether an officer who makes his return to a summons served by him upon a foreign corporation should recite in his return, as a condition to showing valid service, that the corporation is ''doing business in this state'' is one which has not infrequently proved to be a source of some uncertainty and confusion.

The fourth subdivision of section 728 expressly contemplates and provides for personal service upon a foreign corporation under two contingencies, the first, when it has an office or place of business in this State, and the second, when it has no such office or place of business. If the foreign corporation has an office or place of business in this State, then service is to be had by delivering a copy of the writ and petition to any officer or agent of such corporation in charge of the office or place of business, but if it has no office or place of business, then service may be had by delivering a copy of the writ and petition to any officer, agent, or employee of the corporation in any county where such service may be obtained.

The service in the case at bar was had under the second clause of the subdivision in question, the return reciting no more than that service was had upon an agent of relator in the city of St. Louis, and that relator had no office or place of business in the city, but had its headquarters outside the State. It obviously did not pur-

port to recite that the agent served was engaged in transacting business for relator in this State at the time service was had upon him, and if such recital was essential in the return in order to give the court jurisdiction over the person of relator, then the return was unquestionably insufficient, and subject to be quashed for an insufficiency apparent on its face. But if, on the other hand, the return as made is to be construed as having affirmatively stated the existence of every fact necessary to bring the service within the terms of the statute, then the motion to quash was properly overruled, and the court's jurisdiction over relator is only to be defeated, if at all, by proof of facts sufficing to show that, admitting all the recitals on the face of the return to be true, the court could nevertheless not proceed to judgment against relator for the reason that it, as a matter of actual fact, was not "doing business in this state," nor was its agent, MacGuire, engaged in the transaction of business for it in this State at the time that he was served with process.

We are of course well aware that under the terms of the statute a foreign corporation becomes amenable to personal service so as to authorize the rendition of a general judgment against it only if it is "doing business in this state" (State ex rel. v. Rutledge, 331 Mo. 1015, 56 S. W. (2d) 28), which necessarily implies that if it has no office or place of business in this State, and service is to be obtained under the second clause of the subdivision, then the agent upon whom service is had must be engaged at the time in transacting business for the corporation. [Painter v. Colorado Springs & C. C. D. Ry. Co., 127 Mo. App. 248, 104 S. W. 1139.] This for the reason that the foreign corporation is neither actually nor constructively in the State save when it has an office or does business in such State, and if, in point of fact, it is neither actually nor constructively in the State, then no service of process upon one of its agents temporarily present in the State for a purpose other than the usual and ordinary business of the corporation could subject its person to the jurisdiction of the local court.

But whether a foreign corporation, in point of fact, is "doing business in this state" within the contemplation of the statute so as to validate the service of process had upon its agent offtimes presents a technical, legal problem not easy of solution.

It is well settled that to constitute "doing business in this state," the foreign corporation must have entered the State and engaged within its borders in carrying on and transacting, through its agents, the usual and ordinary business in which it is engaged. Indeed, the reported cases show that a foreign corporation may go so far as to engage in transacting a great variety of forms of business within a State without subjecting itself to liability of personal service therein, so long as such transactions are merely incidental to the

corporation's ordinary business which is transacted wholly outside the State, and do not amount to any essential or substantial part of such ordinary business. The underlying purpose of limiting service upon a foreign corporation is to guard against the placing of an unreasonable and undue burden upon interstate commerce, and the ultimate question in every such case is therefore one of the manner and extent to which the foreign corporation has actually engaged in business in the State as the same will warrant the legitimate inference that it, as a fact, was present in the State, through its agents, so as to have become amenable to personal service of summons therein. [State ex rel. v. Rutledge, supra.]

So it is that the question of whether a foreign corporation is "doing business in this state" is one of jurisdiction, involving due process under the federal constitution. [State ex rel. v. Rutledge, supra; Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S. W. 760.] Moreover it is a judicial question, dependent upon the proper application of the law to the particular facts of the case, and is to be determined judicially, if the point is raised, in the light of whatever the evidence may reveal with respect to the facts determinative of the local court's right to assume jurisdiction.

Now the fundamental purpose of a summons is to give notice to the defendant that he is being sued, so that he may come into court and have an opportunity of being heard upon the merits of the action brought against him. The purpose of service of the summons upon the defendant is to give the court jurisdiction over his person so that it may lawfully proceed to judgment in the case, and the purpose of the officer's return is to give evidence of the fact that service has been had in conformity with the command of the process.

We think it follows, therefore, that when the officer, as in the case in question, discloses by his return that he has obtained service upon an admitted agent of a foreign corporation while present in the county or its equivalent, and that the corporation has no office or place of business in the State, he has affirmatively stated the existence of every fact necessary to bring the service within the terms of the statute (Newcomb v. New York Cent. & H. R. R. Co., 182 Mo. 687, 707, 81 S. W. 1069), and if, as a matter of fact, the corporation is not actually engaged in "doing business in this state" so as to be amenable to service of process, then it may attack the court's jurisdiction by an appropriate and timely plea to the jurisdiction, designed to show that, admitting the truth of all the recitals contained on the face of the officer's return, the court is still without jurisdiction to proceed to judgment in the cause. [Painter v. Colorado Springs & C. C. D. Ry. Co., supra; Stegall v. American Pigment & Chemical Co., 150 Mo. App. 251, 283, 130 S. W. 144; Daniels v. Yarhola Pipe Line Co. (Mo. App.), 206 S. W. 600.]

With the question of whether a foreign corporation is "doing business in this state" being one going to the court's right to assume jurisdiction over the person of the defendant and involving due process of law under the federal constitution, it would be a singular doctrine indeed that would not only require the officer serving the process to determine such technical, legal question at his peril, but also bring about such a situation that once he had determined it, his decision would be rendered conclusive as between the parties to the cause, and this regardless of what the actual facts might be.

We know of no case where the question of whether a foreign corporation is subject to service of process in this State has not been held to be one of jurisdiction to be determined by the court, and not by the officer, upon the interposition of some appropriate plea to the jurisdiction upon which evidence might be adduced and a judicial hearing had. Indeed such very procedure was followed in Nathan v. Planters' Cotton Oil Co., 187 Mo. App. 560, 174 S. W. 126, and Bauch v. Weber Flour Mills Co., 210 Mo. App. 666, 238 S. W. 581, the two cases upon which relator places its chief reliance in contending that the return in question was insufficient for want of a recital that relator was "doing business in this state," or that its agent, MacGuire, was engaged in transacting business for it at the time service was had upon him.

Inasmuch as the return of the sheriff must be held to have constituted a sufficient compliance with statutory requirements as against the objection now made to it, it follows that our preliminary writ of prohibition as heretofore issued should be quashed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The preliminary writ of prohibition heretofore issued is, accordingly, quashed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.