No. 14,447.

GENERAL BENEFIT ASSOCIATION *v.* BELL
(95 P. [2d] 816)

Decided October 16, 1939. Rehearing denied November 13, 1939.

Mr. CLARENCE EYNON, for plaintiff in error.

Mr. SAMUEL M. JANUARY, Mr. RONALD V. YEGGE, Messrs. ERNEST & WILLIAMS, of counsel, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS controversy relates to the enforcement in this state of a foreign judgment obtained by default in the state of Missouri against plaintiff in error, which was organized under the non-profit corporation laws of Colorado, and to which reference is hereinafter made as the association. Defendant in error, to whom we shall refer as plaintiff, was named as beneficiary in two death benefit certificates issued by the association to his father, George W. Bell, who died April 26, 1936. Judgment was in favor of plaintiff, to which the association assigned error and seeks reversal. One of the defenses to the suit in the instant case challenges the validity of the service of process necessary to give jurisdiction on a judgment in personam in the Missouri courts.

The association, for a second defense in its answer, alleges: "That said purported and pretended Missouri judgment, among other things, does recite: 'and the court doth find that at the time of the institution of this suit, and for a long time prior thereto and ever since that date one James Canaday, of Stanberry, Gentry

County, Missouri, has been and now is the agent of the defendant, General Benefit Association, an insurance corporation, and has his office and place of business for said company at Stanberry, Gentry County, Missouri, and has been and now is soliciting insurance business within Gentry County, Missouri, on behalf of the defendant herein, and has been and now is aiding and assisting said defendant company herein in making contracts of insurance, collecting and receiving premiums for insurance on behalf of said defendant company herein, and who was duly served with process as the law directs, and the court doth further find from the evidence adduced that the said written contracts of insurance sued upon in the several counts of plaintiff's petition herein were applied for, made and delivered in the county of Gentry and state of Missouri.' That as to the foregoing allegations, defendant alleges that in truth and fact the said James Canaday, upon whom plaintiff caused a copy of the petition and summons to be served at Stanberry, Missouri, on November 6th, 1936, was not then, and never had been an agent of the defendant. That as to whether or not he had an office and place of business, this defendant does not know; but defendant alleges that if such an office and place of business existed, this defendant had absolutely nothing to do with it, either directly, or indirectly. That at the time of the alleged service of process aforesaid, the same James Canaday had not been, and was not soliciting insurance business, or any other kind of business within Gentry county, Missouri, or anywhere else, for and on behalf of the defendant herein; nor had he been, or was he then, aiding and assisting said defendant in making contracts of insurance, collecting and receiving premiums for insurance on behalf of defendant, or aiding and assisting said defendant in any way whatsoever. That the said defendant never entered into a written contract of insurance with the said George W. Bell, aforesaid, nor represented to him that it was so doing. That the said

George W. Bell made a written application to the defendant at its office in Denver, Colorado, for membership in the defendant association, and that pursuant to said application, said defendant issued the two membership certificates aforesaid at Denver, Colorado, and mailed the same to the said George W. Bell. That the said James Canaday, upon whom service was attempted to be made herein, nor any other alleged agent, or representative of this defendant in the state of Missouri, had anything whatsoever to do with the solicitation of said application, the application itself, or the membership of the said George W. Bell aforesaid. That the defendant alleges that the said attempted and purported service of process on the said James Canaday as an alleged agent of this defendant was, and is null and void, and invalid as to this defendant; and defendant further alleges that said purported and pretended Missouri judgment aforesaid is likewise null and void, and invalid as to this defendant."

In view of our conclusions, only two of the assignments of error require our consideration: First, that the judgment is contrary to the evidence, in that the service of summons on the alleged plaintiff in error, in Missouri, was invalid because the said alleged agent had not been so employed by plaintiff in error for more than three years prior to the date of service; and second, that the judgment is contrary to the law and the evidence, in that it deprived the association of its property without due process of law, in violation of the Fourteenth Amendment to the federal Constitution. Stated in another way, the question is whether the service upon Canaday as agent of the association, under the circumstances, gave the Missouri court jurisdiction to enter a judgment in personam, and whether such service of process violated the due-process-of-law clause. The facts pertinent to the issue of validity of the service of process are that Canaday, the alleged agent, a man over the age of seventy years, a holder of a benefit certifi-

cate, solicited memberships in the association, commencing in 1932 and continuing until November 15, 1933. He obtained seven memberships during that period and was paid a commission for his services. In some of these instances he collected the initial premium, assisted in filling out the applications and sent them to the association. After the applicant became a member, Canaday collected no more dues or money; he delivered no membership certificates, they being sent direct by the association to the prospective member; he did not solicit, nor was he at any time acquainted with, George W. Bell or the beneficiary, Fred R. Bell; he made no contracts, settled no claims; never made or attempted to make and did not assist in making any adjustments of losses; he did not like the way the association did things, and his last solicitation of business was in 1933. In 1935 he was dropped as a solicitor from the records of the association. Service of process was made on Canaday November 6, 1936. He retained the copy of the summons and never forwarded it to the association. Default judgment was entered December 15, 1936. The first notice the association had that default judgment had been entered against it was February 18, 1937, through a letter which it received from counsel for plaintiff. The evidence as to the service of summons on Canaday by the sheriff is in part as follows: "Q Will you state whether the petition and summons in said cause was served on you as the alleged agent of the defendant association? A No, it wasn't served on me. The sheriff came and asked me if I was the agent of this company and I said, 'No, I haven't been for some time.' He says, 'You aren't?' He left and came back after awhile and left a copy with me. I asked him what was in it and he says, 'You can read it at your leisure.' That's all there was to that. I didn't think he was serving it, I just kept it."

The statute upon which plaintiff primarily relies for the effectuality of the service of process herein is section 5897, chapter 37, article X, Revised Statutes of

Missouri, 1929, which reads: "Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this state, and not authorized to do business in this state by the superintendent of insurance, shall, in addition to the mode prescribed in section 5894, be valid and legal and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint to any person within this state who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collect or receive any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either."

Counsel for plaintiff contend that the sheriff's return of service is conclusive and cite in support of the contention *Fraternal Bankers of America v. Wire,* 150 Mo. App. 89, 95, 129 S. W. 765. We do not think that case so holds.

In the case of *State ex rel. v. Hogan,* 232 Mo. App. 291, 103 S. W. (2d) 495, decided April 6, 1937, the court said: "We know of no case where the question of whether a foreign corporation is subject to service of process in this state has not been held to be one of jurisdiction to be determined by the court, and not by the officer, upon the interposition of some appropriate plea to the jurisdiction upon which evidence might be adduced and a judicial hearing had. Indeed such very procedure was followed in *Nathan v. Planters' Cotton Oil Co.,* 187 Mo. App. 560, 174 S. W. 126, and *Bauch v. Weber Flour Mills Co.,* 210 Mo. App. 666, 238 S. W. 581, * * *." See, also, *St. Clair v. Cox,* 106 U. S. 350, 1 & 2 Sup. Ct. 354, 27 L. Ed. 222; 34 C. J., sections 1616 and 1627. The service of process was jurisdictional, the return not conclusive and want of service is a meritorious defense here.

In the case of *Hussey Tie Co. v. Knickerbocker*

*Ins. Co.,* 20 F. (2d) 892, the Circuit Court of Appeals of the 8th Circuit had before it the construction of section 5897, supra. In the opinion it quotes with approval the following language from *Philadelphia & Reading Ry. Co. v. McKibbin,* 243 U. S. 264, 265, 37 Sup. Ct. 280, 61 L. Ed. 710: " 'A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent. *St. Louis Southwestern Ry. Co. v. Alexander,* 227 U. S. 218, 226 [33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77]. Whether the corporation was doing business within the state, and whether the person served was an authorized agent, are questions vital to the jurisdiction of the court'."

■ Counsel for plaintiff devote a considerable part of their brief to the proposition of whether the association was "doing business" as a foreign corporation in Missouri. Although that question is not without some difficulty, we may assume, for our purposes, that it was. We also may assume that in the years 1932 and 1933 Canaday was an agent within the meaning of section 5897, supra, upon whom valid service might be made. It is clear that the agent upon whom process is served must occupy that relation to the corporation at the time of the service. 14A C. J., section 4140; *St. Clair v. Cox, supra; United States Casualty Co. v. Newman,* 137 Ga. 447, 73 S. E. 667; *People's Tobacco Co., Ltd. v. American Tobacco Co.,* 246 U. S. 79, 38 Sup. Ct., 233, 62 L. Ed. 587; *La Varre v. International Paper Co.,* 37 F. (2d) 141; *Walters v. Curtis Candy Co.,* 172 Miss. 187, 159 So. 560; *Callahan Co. v. Wall Rice Milling Co., Ltd.,* 44 Ind. App. 372, 89 N. E. 418; *Haas v. Security Ins. Co.,* 57 N. J. L. 388, 30 Atl. 430; *Applebaum v. Bachrach,* 8 N. J. Misc. 18, 148 Atl. 166; *Crews v. Illinois Commercial Men's Ass'n,* 256 Fed. 268.

Our primary problem here is whether, under all the circumstances, Canaday, at the time of service of summons upon him, was such a representative of the association as to make such service valid and binding upon it. The legal principles involved in this problem are stated in 14A C. J., section 4134, from which we quote the following: "Service of process upon an agent of a foreign corporation doing business within the state must be upon an agent representing the corporation with respect to such business. It must be made upon an authorized agent of the corporation who is truly and thoroughly a representative of it, rather than a mere servant or employee, or a person whose authority and duties are limited to a particular transaction. The agent must be an agent in fact, not merely by construction of law, and must be one having in fact representative capacity and derivative authority. But it is not necessary that express authority to receive or accept service of process shall have been conferred by the corporation on the person served. It is sufficient if authority to receive service may be reasonably and justly implied. The question turns on the character of the agent, and, in the absence of express authority given by the corporation, upon a review of the surrounding facts and the inferences which may properly be drawn therefrom. The test is whether the agent served sustains such relation to the corporation or to the business out of which the alleged cause of action arose as to justify a fair and reasonable inference of a duty on his part to communicate the fact of service to the corporation. In other words, process must be served upon an agent sustaining such a relation to the corporation that notice to the agent may well be deemed notice to the principal, without a violation of the principles of natural justice."

We do not think the service of process on Canaday here involved meets the above test. We fail to see in the evidence "a fair and reasonable inference of a duty" on the part of Canaday to communicate the fact of serv-

ice upon him to the association. His relation to the association at the time of the service was at most merely passive. He had made no solicitations since November 15, 1933, and the last communication which he had received relating thereto was in April, 1935, to which he did not reply. His membership solicitations for all of his services, at five dollars per application, amounted to a total of only $35. His activities in behalf of the association over a period of about two years, 1932 and 1933, must have been very limited. There is no reasonable inference from which it could be said that he owed a duty to the association to communicate the fact that service had been made upon him. The relation between Canaday and the association was not such that notice to him could be deemed notice to the association. His passive relation with the association at the time of service was not of such representative character that it would be fair to say that the delivery of the summons to him constituted a valid service of process on the association.

In further support of the legal principles announced, we quote from the case of *Connecticut Mutual Life Ins. Co. v. Spratley*, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569: "The service of process must be upon some agent so far representing the corporation in the state that he may properly be held in law an agent to receive such process in behalf of the corporation. An express authority to receive process is not always necessary."

In *St. Clair v. Cox, supra*, the issue was with respect to a judgment by default, the record of which was offered in evidence to support a plea of setoff, and objection was made to its admissibility. The court, in discussing the conditions under which service of process may be made on an agent of a foreign corporation, said (pp. 356, 359):

"Such condition must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. It

must be reasonable, and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation.

\* \* \*

"If the agent occupies no representative character with respect to the business of the corporation in the state, a judgment rendered upon service on him would hardly be considered in other tribunals as possessing any probative force."

In this St. Clair case the court quoted with approval the language of the court in *Newell v. Great Western Ry. Co.*, 19 Mich. 336, 344, as follows: "To involve the representation of the company here, the supposed representative would have to hold or enjoy in this state an actual present official or representative status."

Other cases supporting these principles are: *Gamble-Robinson Co. v. Pennsylvania R. R. Co.*, 157 Minn. 306, 196 N. W. 266; *Alto v. Hartwood L. Co.*, 135 Wash. 368, 237 Pac. 987; *Dyar v. Georgia Power Co.*, 173 S. C. 527, 176 S. E. 711; *Berman v. Affiliated Enterprises*, 17 Fed. Supp. 305; *Frawley, Bundy & Wilcox v. Pennsylvania Casualty Co.*, 124 Fed. 259; *McSwain v. Adams Grain & Provision Co.*, 93 S. C. 103, 73 S. E. 117, 1914D Ann. Cas. 981; *Bass v. American Products Export & Import Corp.*, 124 S. C. 346, 117 S. E. 594, 30 A. L. R. 168; 21 R. C. L., pp. 1348, 1351, §§ 97, 100.

Moreover, we believe the record clearly shows that, under all the circumstances, Canaday had ceased to be a solicitor of the association after 1933, and most assuredly after April, 1935.

In 2 Am. Jur., page 36, section 35, we find the following language: "An agency, when shown to have existed, will be presumed to have continued, in the absence of anything to show its termination, unless such a length of time has elapsed as destroys the presumption."

That the association considered the soliciting agency of Canaday terminated after April, 1935, is clear. More-

over, Canaday made no further solicitations after November 15, 1933. After such length of time, under the circumstances here, the reasonable presumption is that the agency was terminated. If Canaday had solicited for the association the benefit certificates in question from George W. Bell, or had made any representations in regard thereto to the applicant's beneficiary, notice may have been necessary before such termination could be presumed. However, as appears from the record, no relation of any kind existed between the Bells and Canaday; they were not acquainted with each other, even at the time of service. Under the facts here there was no duty upon the association or Canaday to notify the Bells of any termination of the agency. It is true that counsel for plaintiff had a conversation with Canaday shortly prior to the institution of the Missouri suit, in which the agent said that he never had received notice of the termination of the agency, and that he had not notified the association of any termination. This evidence, however, does not refute the clear and undisputed testimony of Canaday that he was not the agent of the association at the time of the service, and that he did no soliciting for it after November 15, 1933.

We conclude that the agency, if any, of Canaday, as related to the association, was not at the time of service of process of such a representative character as would satisfy due process of law; and, further, that any agency was terminated long prior to the time of the service of process.

Judgment is reversed, and the case remanded with directions to dismiss the complaint.