Louis H. COLLAR, Appellant,

v.

PENINSULAR GAS COMPANY, a Cor-
poration, Respondent.

No. 45137.

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

Ben W. Swofford, Robert A. Schroeder, John C. Milholland, Kansas City, Swofford, Schroeder & Shankland, Kansas City, of counsel, for appellant Louis H. Collar.

Lawrence R. Brown, Michael J. Bogutski, Kansas City, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel, for respondent, Peninsular Gas Co.

HOLMAN, Commissioner.

■ Louis H. Collar, plaintiff-appellant, instituted this action against the defendant-respondent, Peninsular Gas Company, seeking to recover $3,000 damages for the malicious prosecution of a civil action. The defendant appeared specially and filed its motion to quash the summons and the return of service thereon and to dismiss the action for want of jurisdiction of the court thereof. Plaintiff has appealed from the action of the trial court in sustaining said motion to quash. We have jurisdiction since the appeal presents a constitutional question involving due process under the Fourteenth Amendment to the Constitution of the United States and a related question arising under Section 14, Art. I, Constitution of Missouri 1945, V.A.M.S. Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S.W.2d 411.

Various affidavits, exhibits, and admissions were offered in support of the contentions of each party on the issues raised by the motion to quash. There is no real dispute concerning the facts shown by such proof. We will state such facts as appear necessary for a determination of the issues presented.

The defendant is a corporation domiciled in the State of Michigan and is engaged

solely in the business of supplying and distributing propane and butane gas in the villages of Laurium, Calumet, and Lake Linden, Michigan. It had never maintained any business office or engaged in business in the State of Missouri, nor was it registered for that purpose as a foreign corporation authorized to do business in this state. Plaintiff resided in Kansas, but engaged in business in Jackson County, Missouri, under the name of Liquified Petroleum Gas Underwriters Agency. In the late summer of 1948, plaintiff offered to write and obtain for defendant general public liability insurance to protect defendant in the operation of its business in Michigan. The offer was accepted and a binder was issued. On September 29, 1948, a fire and explosion occurred which resulted in a number of claims for personal injuries and property damage being made against defendant and it accordingly made claim with its insurer, Lloyd's of London, for protection from said claims. For some reason the insurer denied liability on the claims. Apparently the defendant then proceeded to investigate, adjust, and settle the various claims, expending in excess of $26,000 in so doing. Thereafter, defendant filed suit against the insurer in a United States District Court in Kentucky and subsequently that suit was compromised by Lloyd's of London paying to the Gas Company one half of the amount it had paid out as a result of said claims. Thereafter defendant filed a suit in the circuit court of Jackson County against the plaintiff herein seeking to recover from him the remaining one half it had expended in the adjustment and settlement of the aforementioned claims, together with certain attorney fees and other expenses, all of which totaled $18,590.33. That suit was tried in the early part of May, 1954, and was terminated on May 7 by a jury verdict for defendant therein (plaintiff in the instant case). L. L. Lawrence, president of the Gas Company, attended the trial of that case and was a guest at the Phillips Hotel in Kansas City, Missouri. The instant case

was filed on May 7, 1954, which was the same day that the jury returned its verdict in the aforementioned case.

As previously indicated, plaintiff in this case seeks damages resulting from the alleged malicious filing and prosecution of the prior suit. The summons and copy of the petition in the case before us were served on L. L. Lawrence at his room in the Phillips Hotel shortly after the conclusion of the aforesaid trial and apparently just prior to the time he checked out of the hotel.

■■ The pertinent portions of our applicable process statute, Section 506.150(3) RSMo 1949, V.A.M.S., provide, in part, that "Service shall be made * * * upon a * * * foreign corporation * * * by delivering a copy of the summons and of the petition to an officer * * *." At the outset, plaintiff contends that since the sheriff's return was regular on its face and showed that the summons and petition were personally served on L. L. Lawrence, president of the defendant corporation, within the territorial limits of Jackson County, Missouri, this satisfied the requirements of the foregoing process statute and hence the service was valid and the court erred in quashing the same. The difficulty with this argument is that it does not accord proper significance to the fact that the defendant is a foreign corporation. The mere fact that service is had in this state upon an officer of a foreign corporation is not sufficient to confer our court with jurisdiction to render a personal judgment against the corporation. In addition to the manual service of process, it is essential to its validity and the acquisition of jurisdiction that the foreign corporation be doing business within this state. State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 56 S.W.2d 28, 85 A.L.R. 1378; St. Louis Wire-Mill Co. v. Consolidated Barb-Wire Co., C.C., 32 F. 802; James-Dickinson Farm Mortgage Co. v. Harry, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569. And the question as to wheth-

er such a corporation is doing business in this state may be raised and determined by a motion to quash. State ex rel. Mills Automatic Merchandising Corp. v. Hogan, 232 Mo.App. 291, 103 S.W.2d 495.

█ It becomes apparent, therefore, that we must determine upon the foregoing facts, whether defendant was doing business in this state so as to become amenable to personal service which would support the rendition of a general judgment against it. At this point it may be well to state that this question is "not one of local law or of statutory construction," but is "one of due process of law, under the Constitution of the United States." Hall v. Wilder Mfg. Co., 316 Mo. 812, 293 S.W. 760, 762, 52 A.L.R. 723. "While no all-embracing rule has been laid down as to what constitutes doing business by a foreign corporation so as to make it amenable to personal service of process within a given jurisdiction and a solution of the question depends upon the facts of the particular case, yet the general rule is recognized that to constitute 'doing business' the foreign corporation must have entered the state and engaged there in carrying on and transacting, through its agents, the ordinary business in which it is engaged * * *." State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, supra, 56 S.W.2d 28, 38.

█ "Indeed, the reported cases show that a foreign corporation may go so far as to engage in transacting a great variety of forms of business within a state without subjecting itself to liability to personal service therein, so long as such transactions are merely incidental to the corporation's ordinary business which is transacted wholly outside the state, and do not amount to any essential or substantial part of such ordinary business. The underlying purpose of limiting service upon a foreign corporation is to guard against the placing of an unreasonable and undue burden upon interstate commerce * * *." State ex rel. Mills Automatic Merchandising Corp. v. Hogan, supra, 103 S.W.2d 495, 497. See

also, Hayman v. Southern Pacific Co., Mo. Sup., 278 S.W.2d 749, and Pucci v. Blatz Brewing Co., D.C., 127 F.Supp. 747. As stated, it is necessary that the foreign corporation be engaged in transacting some substantial part of its usual and ordinary business in this state. Nathan v. Planters' Cotton Oil Co., 187 Mo.App. 560, 174 S.W. 126. It is generally held "that single or isolated acts, contracts, or transactions of such corporations in the state will not ordinarily be regarded as a doing or carrying on of business therein, even though they may be said to fall within the usual or customary business of the corporation." 23 Am.Jur., Foreign Corporations, Section 370, pages 353, 354.

In Painter v. Colorado Springs, etc., Ry. Co., 127 Mo.App. 248, 104 S.W. 1139, an agent of a foreign railroad corporation, which had no tracks or place of business in this state, came to Missouri for the sole purpose of investigating a claim for damages against the corporation. While he was so engaged the claimant filed suit against the railroad and summons was served on the said agent. The court held that the stated facts did not constitute doing business in this state and hence the trial court properly sustained the plea to the jurisdiction and dismissed the action.

No cases have been cited, and our research has disclosed none, wherein the courts have discussed the effect of filing a suit insofar as such relates to the issue of "doing business" in determining the question of jurisdiction and valid service of process upon a foreign corporation. However, it seems well settled that engaging in litigation, and the compromise and collection of debts, do not constitute "doing business" within the meaning of statutes prescribing the conditions under which a foreign corporation may transact business in a state and providing penalties for noncompliance. United Mercantile Agencies v. Jackson, 351 Mo. 709, 173 S.W.2d 881; 20 C.J.S., Corporations, § 1836, p. 52. We can see no logical reason why the same

rule would not ordinarily be applied in determining an issue relating to jurisdiction and process.

█ In the instant case the only act or transaction of the defendant in this state was the filing and prosecution of a suit against the plaintiff Collar. When considered in the light of the foregoing rules and authorities, we have no difficulty in concluding that that act was not sufficient to constitute "doing business" in this state. This, primarily, for the reason that the suit was but a single, isolated act and not a part of the usual and customary business of the defendant.

██ Plaintiff, however, contends that the rules we have heretofore discussed should not be applied in the instant case for the reason that defendant, by suing plaintiff in Missouri, submitted itself to the jurisdiction of the courts of this state for the determination of all claims between the parties arising out of the same transaction. In this connection it should be noted that the instant claim did not actually arise out of the same transaction. If it had so arisen or, regardless of the nature of the claim, if it had been in existence prior to the trial of the first suit, it could have been litigated by the filing of a counterclaim in said suit. Section 509.060 RSMo 1949, V.A.M.S. Plaintiff's difficulty arises from the fact that his alleged claim results from the institution and prosecution of the suit filed by defendant against him, and his claim did not mature until the final determination of that suit in his favor. Huffman v. Meriwether, Mo.App., 201 S.W.2d 469.

█ In support of the foregoing argument plaintiff relies heavily upon the case of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. In that case, wherein the State of Washington sought to collect unemployment compensation taxes from the shoe company, it appeared that the company regularly employed from eleven to fourteen salesmen in the state who obtained orders for large quantities of shoes. This continuous and systematic activity, out of which the obligation sued upon arose, was held sufficient to satisfy the requirement of due process in maintaining the suit in that state to enforce the obligations so incurred. The significant feature of that opinion is that it departed somewhat from the doctrine of what is considered *presence* of the corporation in the state, and announced the principle that there should be shown "sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice", 66 S.Ct. 154, 160, to permit the maintenance of the suit. We think any consideration of what is said in that case should not overlook the facts therein which disclosed substantial and continuous conduct (although limited to sales efforts) of the usual and ordinary business of the foreign corporation in the state. We observe that this factual situation is quite different from the one before us in the instant case.

Stated specifically, the question presented is whether the act of defendant in filing and prosecuting a suit against plaintiff, in the circuit court of Jackson County, Missouri, should be considered sufficient to authorize the same court to take jurisdiction of the instant case, which resulted from the filing and prosecution of the prior suit, without offending constitutional provisions for due process. Plaintiff says that "our traditional conception of fair play and substantial justice" requires an affirmative answer to that question. We do not agree.

Some significance must certainly be attached to the fact that the alleged claim before us resulted from the activity of the defendant in filing and prosecuting a suit in this state. However, for reasons that will hereafter appear, we do not think that

fact alone, unaccompanied by any activity in connection with the usual business of the defendant, would require, or even permit the exercise of jurisdiction in the instant case. Plaintiff has cited no case which specifically supports his contention. Certain cases cited, which deal with various laws enacted by other states, we deem not to be in point.

Defendant had a right to sue plaintiff Collar upon the alleged claim growing out of the insurance transaction. It is fair to assume that it could not obtain service of process upon him in Michigan. Therefore, defendant was required to file the suit in Missouri (where plaintiff conducted his business) or in Kansas (where he resided). There is nothing to indicate that defendant sought or obtained any strategic advantage in filing the suit in Missouri. Judged by the usual standards, it would seem that that forum was more advantageous to plaintiff than to the nonresident Gas Company. We see nothing in that conduct which, according to our notions of fair play and substantial justice, would require a holding that the defendant be subjected to the jurisdiction of the courts of this state in the litigation of the instant claim. We are fortified in our ultimate conclusion when we consider that a contrary view would remove this case from the application of the well-established rules, heretofore stated, which have long been considered reasonable and logical precepts in controlling our procedure in cases involving the issue here presented. We observe further that a review of the cases will indicate that, in cases where jurisdiction has been assumed because the claim sued on arose from the limited activities of the foreign corporation in the state, it ordinarily appears that such activities have been a part of its regular business and somewhat continuous in nature. International Shoe Co. v. State of Washington, supra; Wooster v. Trimont Mfg. Co., supra; Johnson v. El Dorado Creosoting Co., La.App., 71 So.2d 613.

Finally, plaintiff contends that the failure of the circuit court to exercise jurisdiction of the instant cause denies him his rights under Article I, Section 14, Constitution of Missouri, 1945. This section provides that the courts of this state shall be open to every person and a remedy afforded for every injury. However, this provision means that persons will not be barred from Missouri courts in cases where there is proper venue and jurisdiction of the parties and subject matter. State ex rel. Southern R. Co. v. Mayfield, 362 Mo. 101, 240 S.W.2d 106. Since we have held that under the due process clause of the United States Constitution the court had no right to assume jurisdiction over the defendant, it necessarily follows that the foregoing provision would have no application.

The order and judgment of the trial court is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.